UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAURIE KELLOGG,

                                                 07 CV 2804 (BJ)(GWG)

                 Plaintiff,


   - against -


NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, <u>et al.</u>,

                 Defendants.
------------------------------------------------------------------------X




**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS THE COMPLAINT**




                                   ANDREW M. CUOMO
                                   Attorney General of the
                                   State of New York
                                   <u>Attorney for Defendants</u>
                                   120 Broadway
                                   New York, New York 10271
                                   Tel. No. (212) 416-6295




MARIA BAROUS HARTOFILIS
Assistant Attorney General

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.   Allegations of Retaliation (First Claim) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.   Allegations of Due Process and Equal Protection Violations (Second, Fourth
     and Eleventh Claim) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

C.   Allegations of Sexual Abuse and Sexual Harassment (Third Claim) . . . . . . . . . . . . . . . 5

D.   State Law Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

E.   Allegations of Conspiracy (Ninth Claim) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

F.   Allegations of Deliberate Indifference to Serious Medical Needs (Tenth Claim) . . . . . . . . 6

G.   Allegations against DOCS and Supervisory Defendants (Twelfth -Fifteenth Claim) . . . . . . 6

H.   Failure to Exhaust Administrative Remedies (First - Fifteenth Claim) . . . . . . . . . . . . . . . 7

ARGUMENT          Standard of Review for a 12(b) Motion to Dismiss the Complaint . . . . . . . 7

POINT I      PLAINTIFF'S CLAIMS AGAINST THE NEW YORK STATE
             DEPARTMENT OF CORRECTIONAL SERVICES AND THE
             INDIVIDUAL SUPERVISORY DEFENDANTS IN THEIR OFFICIAL
             CAPACITY ARE BARRED BY THE ELEVENTH AMENDMENT TO
             THE UNITED STATES CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT II     PLAINTIFF CANNOT MAINTAIN PENDENT
             STATE LAW CLAIMS AGAINST THE DEFENDANTS . . . . . . . . . . . . . . . . 12

POINT III    PLAINTIFF'S CLAIMS PRIOR TO APRIL 6, 2004
             ARE BARRED BY THE STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . 12

**Page**

POINT IV     CLAIMS ALLEGING RETALIATION, DEPRIVATION OF
             PROPERTY, SEXUAL ABUSE, SEXUAL HARASSMENT, CRUEL
             AND UNUSUAL PUNISHMENT, DUE PROCESS, EQUAL
             PROTECTION, CONSPIRACY AND DELIBERATE INDIFFERENCE
             MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE
             REMEDIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

POINT V      PLAINTIFF DOES NOT STATE A DUE PROCESS CLAIM
             WITH RESPECT TO HER CLAIM OF DEPRIVATION
             OF PROPERTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

POINT VI     PLAINTIFF DOES NOT STATE AN EQUAL PROTECTION
             CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

POINT VII    PLAINTIFF'S FORMER "TRACKER" DESIGNATION
             DID NOT IMPLICATE A CONSTITUTIONAL VIOLATION . . . . . . . . . . . . 22

POINT VIII   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR
             CONSPIRACY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

POINT IX     PLAINTIFF HAS FAILED TO ALLEGE THE PERSONAL INVOLVEMENT
             OR STATE A CLAIM AGAINST SEVERAL DEFENDANTS . . . . . . . . . . . . . 26

A.     Defendants Ball and Armstrong . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

B.     Defendant Perez . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

C.     Defendant Schneider . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

D.     Defendants Smith and Notaro . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

POINT X      PLAINTIFF FAILS TO STATE A DELIBERATE INDIFFERENCE
             TO SERIOUS MEDICAL NEEDS CLAIM AGAINST DEFENDANT
             GOLDSTEIN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

A.     Plaintiff's Alleged Medical Complaints Do Not Constitute a Serious Medical Need . . . 30

B.     Dr. Goldstein Was Not Deliberately Indifferent  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

**TABLE OF AUTHORITIES**

**Case**                                                                                    **Page**

Abney v. McGinnis,
    2002 U.S. Dist. LEXIS 12180, 2002 WL. 1461491 *3 (S.D.N.Y.2002) reversed and
    vacated on other grounds, 380 F.3d 663 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Acre v. Miles,
    1991 U.S. Dist. LEXIS 8763 (S.D. N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Adickes v. S.H. Kress & Co.,
    398 U.S. 144, 90 S. Ct. 1598 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

American Automobile Mnfrs. Association v. Cahill,
    973 F. Supp. 288 (N.D.N.Y 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Baker v. Coughlin,
    77 F.3d 12 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Barrett v. United States,
    689 F.2d 324 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955, 2007 U.S. LEXIS 5901 (May 21, 2007) . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Brass v. American Film Technologies,
    987 F.2d 142 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Brown v. DeFrank,
    2006 U.S. Dist. LEXIS 83345 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Brown v. McElroy,
    160 F. Supp. 2d 699 (S.D.N.Y. 2001)     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Byrd v. Abate,
    964 F. Supp. 140 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Calcutti v. SBU, Inc.,
    224 F. Supp. 2d 691 (S.D.N.Y. 2002)     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Chance v. Armstrong,
    143 F.3d 698, 703 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Colon v. Coughlin,
    58 F.3d 865 (quoting, Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)) . . . . . . . . . . 26

Conley v. Gibson,
    355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Contemporary Mission, Inc. v. U.S. Postal Service,
    648 F.2d 97, 107 (2d Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Covington v. City of New York,
    916 F. Supp. 282 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

DOCS." Smith v. City of New York,
    2006 U.S. Dist. LEXIS 90117 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Davidson v. Scully,
    914 F. Supp. 1011 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Dawes v. Walker,
    239 F.3d 489 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Dellmuth v. Muth,
    491 U.S. 223, 109 S. Ct. 2397 (1989)       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Estelle v. Gamble,
    429 U.S. 97, 97 S. Ct. 285 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29, 32, 33

Farid v. Smith,
    850 F.2d 917 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Farmer v. Brennan,
    511 U.S. 825 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 31

Fleming v. Velardi,
    2003 U.S. Dist. LEXIS 13078, *9-10 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . 32

Freeman v. Rideout,
    808 F.2d 949 (2d Cir. 1986)(cert denied, 485 U.S. 982 (1988) . . . . . . . . . . . . . . . . . 29

Garcia v. Lewis,
    2005 U.S. Dist. LEXIS 11955 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Garrido v. Coughlin,
    716 F. Supp. 98 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

George v. Morrison,
    2007 U.S. Dist. LEXIS 42640 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Giano v. Selsky,
     238  F.3d 223 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Giano v. Senkowski,
     54 F.3d 1050 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Gill v. Riddick,
     2005 U.S. Dist. LEXIS 5394 (N.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Graham v. Coughlin,
     1984 U.S. Dist. LEXIS 24775 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Greenwaldt v. Coughlin,
     1995 U.S. Dist. LEXIS 5144 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Gregory v. Daly,
     243 F.3d 687 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hathaway v. Coughlin,
     37 F.3d 63 (2d Cir. 1994)(cert denied, 115 S. Ct. 1108 (1995) . . . . . . . . . . . . . 29, 30, 31

Hathaway v. Coughlin,
     841 F.2d 48 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Hemphill v. New York,
     380 F.3d 680 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Higgins v. Artuz,
     1997 U.S. Dist. LEXIS 12034 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Howard v. Koch,
     575 F. Supp. 1299 (E.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Hudson v. Palmer,
     468 U.S. 517, 104 S. Ct. 3194 (1984)     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Joyner v. Greiner,
     195 F. Supp. 2d 500, 2002 U.S. Dist. LEXIS 6994 (S.D.N.Y. 2002) . . . . . . . . . . . . . . 31

Julian v. N.Y.C. Transit Authority,
     857 F. Supp. 242 (E.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Kadrmas v. Dickinson Public Sch.,
     487 U.S. 450, 108 S. Ct. 2481 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Khalid v. Reda,
    2003 U.S. Dist. LEXIS 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Kramer v. Time Warner, Inc.,
    937 F.2d 767 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Kreindler v. United Kreindler & Technologies Corp.,
    508 U.S. 973 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

LaBounty v. Gomez,
    1997 U.S. Dist. LEXIS 2496 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Leon v. Murphy,
    988 F.2d 303 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Liner v. Goord,
    115 F. Supp. 2d 432 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Lowrance v. Achtyl,
    20 F.3d 529 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Luckerson,
    2002 U.S. Dist. LEXIS 13297 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Lunney v. Brureton,
    2005 U.S. Dist. LEXIS 770 (S.D.N.Y. Jan. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Macias v. Zenk,
    2007 U.S. App. LEXIS 17795 (2d Cir July 26, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 18

Magee v. Nassau County Medical Center,
    27 F. Supp. 2d 154 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Malsh v. Austin,
    901 F. Supp. 757 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Martinez v. Wilson,
    186 F. Supp. 2d 353 (S.D.N.Y. 2002)      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

McBride v. Gomez,
    1994 U.S. Dist. LEXIS 1231 (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

McCleskey v, Kemp,
    481 U.S. 279, 107 S. Ct. 1756 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Mendez v. Artuz,
    2002 U.S. Dist. LEXIS 3263 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Moncrieffe v. Witbeck,
 2000 U.S. Dist. LEXIS 9425 (N.D.N.Y.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Moulier v. Forte,
 2003 U.S. Dist. LEXIS 9082 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Neal v. Goord,
 267 F.3d 116 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Ormiston v. Nelson,
 117 F.3d 69 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Orta v. City of New York Department of Correction,
 2003 U.S. Dist. LEXIS 2682 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Papasan v. Allain,
 478 U.S. 265, 106 S. Ct. 2932 (1986)        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Pennhurst State School & Hospital v. Halderman,
 465 U.S. 89, 104 S. Ct. 900 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Pollack v. Nash,
 58 F. Supp. 2d 294 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 25

Polour v. Raffe,
 912 F.2d 52 (2d Cir. 1990), cert. denied, 499 U.S. 937 (1991) . . . . . . . . . . . . . . . . . . . 24

Porter v. Nussle,
 534 U.S. 516, 122 S. Ct. 983 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Porter v. Nussle,
 2002 U.S. LEXIS 1373 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Powell v. Jarvis,
 460 F.2d 551 (2d Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Quern v. Jordan,
 440 U.S. 332, 99 S. Ct. 1139 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rizzo v. Goode,
 423 U.S. 362, 370-71 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22,27

Romer v. Morgenthau,
 119 F. Supp. 2d 346 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 28

Salahuddin v. Mead,
 174 F.3d 271 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Salahuddin v. Unger,
    2005 U.S. Dist. LEXIS 18865, *20 (E.D.N.Y.  2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Sandin v. O'Connor,
    515 U.S. 472 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Sanjuan v. American Board of Psychiatry and Neurology, Inc.,
    40 F.3d 247 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Santiago v. Meinsen,
    89 F. Supp. 2d 435 (S.D.N.Y.  2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Santiago v. N.Y.S. Department of Correctional Services,
    945 F.2d 25 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992) . . . . . . . . . . . . . . . . . . . 11

Scheuer v. Rhodes,
    416 U.S. 232, 94 S. Ct. 1683 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Schnall v. Marine Midland Bank,
    225 F.3d 263 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Selah v. Goord,
    2006 U.S. Dist. LEXIS 51051 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Seminole Tribe of Florida v. Florida,
    517 U.S. 44, 116 S. Ct. 1114 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Sereika v. Patel,
    411 F. Supp. 2d 397, 2006 U.S. Dist. LEXIS 2697 (SDNY  2006) . . . . . . . . . . . . . . . . 32

Shaw v. Murphy,
    532, U.S. 223, 225, 121 S.Ct. 1475 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Sher v. Coughlin,
    739 F.2d 77 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Shipping Financial Services Corp. v. Drakos,
    140 F.3d 129 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Singer v. Fulton CountySheriff,
    63 F.3d 110, 1995 U.S. App. LEXIS 21569 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 25

Smith v. City of New York,
    2006 U.S. Dist. LEXIS 90117 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Taylor v. Smolinski,
    2003 U.S. Dist. LEXIS 9994 n. 10  (W.D.N.Y. 2003)  . . . . . . . . . . . . . . . . . . . . . . . . . 31

Town of West Hartford v. Operation Rescue,
    915 F.2d 92 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Trotman v. Palisades Interstate Park Commission,
    557 F.2d 35 (2d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United Mine Workers v. Gibbs,
    383 U.S. 715, 86 S. Ct. 1130 (1966)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States ex rel Kreindler & Kreindler v. United Technologies Corp.,
    985 F.2d 1148 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Will v. Michigan Department of State Police,
    491 U.S. 58 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Williams v. Goord,
    111 F. Supp. 2d 280 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Wilson v. Garcia,
    471 U.S. 261 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Wilson v. Keane,
    2003 U.S. Dist. LEXIS 16113 (S.D.N.Y. 2003)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Woods v. Candela,
    13 F.3d 574 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Woodford v. Ngo,
    126 S. Ct. 2378(2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

Wright v. Smith,
    21 F.3d 496, 501 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Ziemba v. Wezner,
    366 F.3d 161 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Federal Statutes**

42 U.S.C § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,12,13,24,25,27
42 U.S.C. § 1985  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
42 U.S.C. § 1997e(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,15,19
42 U.S.C. § 1997e(c)2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
The Prisoner Litigation Reform Act of 1995 (PLRA) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Federal Rules of Civil Procedure**

Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,7,8,33
Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Rule (6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,6

**New York State Statutes**

New York Corr. Law § 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
NYCPLR § 214(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LAURIE KELLOGG,

                                       :       07 CV 2804 (BJ)

               Plaintiff,

                                         :

       - against -

                                         :

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,                :

               Defendants.         :
-------------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION TO DISMISS THE  COMPLAINT

### Preliminary Statement

       Defendants, New York State Department of Correctional Services ("DOCS"), Commissioner Brian Fischer, Deputy Commissioner for Correctional Facilities Lucien Leclaire, Deputy Commissioner for Programs John Nuttal, Americans With Disabilities Act Coordinator Robert Raymond, Deputy Commissioner and Chief Medical Officer Lester Wright, former Superintendent Elaine Lord, Superintendent Ada Perez, former Deputy Superintendent of Security Terence McElroy, former Deputy Superintendent of Security Gwen Schneider, Medical Director Lori Goldstein, Lieutenant Robert Ball, former Lieutenant Brandon Smith (promoted to Captain and currently a Facility Operations Specialist for DOCS), Sergeant Mark Armstrong, Sergeant Gary Notaro, Correction Officer Michael Barclay, Correction Officer Barron Roger and Correction Officer Tracie Duncan, submit this memorandum of law in support of their motion to dismiss the complaint, pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6).[1]

       Defendants Glenn Goord, Lucien LeClaire, Frank Headley, Steve Bernardi, Donna Masterson and Lester Wright are being sued solely in their official capacity.  Since defendants Goord, Headley, and Masterson are no longer employed by DOCS, they are being substituted in this

---

[1]    Defendants Roslie Jackson, Christopher Murray, Allen Robinson and Binita Williams have not been served and have not requested representation pursuant to Public Officers Law Sec. 17.  Accordingly, this office does not represent these individuals.

action by  Brian Fisher, John Nuttal and Robert Raymond, respectively.  Steve Bernardi is not being substituted in this action since his position has been eliminated.

Plaintiff, Laurie Kellogg, an inmate in the custody of DOCS who is incarcerated at Bedford Hills Correctional Facility ("Bedford Hills"), brings this action pursuant to 42 U.S.C. § 1983, alleging violations of her rights under the First, Fifth, Eighth and Fourteenth Amendments, stemming from the alleged retaliation by several defendants.  Plaintiff also alleges claims of  sexual abuse/harassment, due process, equal protection, conspiracy, deprivation of property, cruel and unusual punishment and deliberate indifference to her serious medical needs.  In addition, plaintiff improperly raises New York State constitutional violations.

Because, however, plaintiff's claims against DOCS and the supervisory defendants, Fisher, Leclaire, Nuttal, Raymond and Wright, in their official capacity are barred by the Eleventh Amendment to the United States Constitution, the complaint must be dismissed against them in its entirety (Claims 12-15).  In addition, all of plaintiff's claims alleged to have occurred between 1993 and April 6, 2004 are barred by the statute of limitations.  Accordingly, all claims against defendants Lord, Roger and Barclay are time-barred.  Also, all claims of violations of the New York State Constitution raised herein are jurisdictionally barred (Claims 5-8).  Furthermore, this entire action must be dismissed based on plaintiff's failure to exhaust her administrative remedies (Claims 1-15).  Moreover, plaintiff's claims of equal protection, conspiracy and deliberate indifference to serious medical needs must be dismissed in their entirety for failure to state a claim (Claims 4 in part,  9,10 & 11). Finally, plaintiff  fails to state the personal involvement of the defendants in several of the claims raised herein.

**Statement of Facts**

**A.**     **Allegations of Retaliation (First Claim)**

Plaintiff's entire lawsuit is based on the alleged retaliation she claims was taken against her "for her efforts to exercise and enforce rights under law." <u>See</u>, Complaint, ¶ 31.  Plaintiff alleges that she was retaliated (1) "for refusing to engage in illegal sexual activities" with officials at Bedford Hills or their friends; (2) "for reporting sexual abuse" and (3) "for the exercise of legal rights protected under the federal and state constitutions." <u>Id</u>. at ¶ 36.

In particular, plaintiff alleges that defendant Lord retaliated against plaintiff for refusing to agree to a lesbian relationship in 1993 by designating plaintiff a "tracker" in 1996. <u>Id</u>. at ¶¶ 37-39. Additionally, plaintiff claims that Bedford Hills officials retaliated against her for challenging the "tracker" designation.  For example, plaintiff alleges that in 1996 she was removed from her job in the laundry and made a porter. <u>Id</u>. at 50, 52-53.  However, all of the foregoing allegations are clearly barred by the statute of limitations.

In addition, according to plaintiff, in or about April of 2002, defendant McElroy solicited plaintiff for sexual favors which plaintiff declined. <u>Id</u>. at ¶ 62.  Plaintiff then alleges that her refusal of defendant McElroys' sexual solicitation lead to retaliatory actions against plaintiff such as (1) the initiation of an investigation against an officer who was a witness in one of plaintiff's civil actions (<u>Id</u>. at ¶¶ 62-63), (2) a search of plaintiff's cell by defendants Roger and Barclay which resulted in a misbehavior report for the possession of contraband (<u>Id</u>. at ¶¶ 64-68); (3) defendant Barclay and Roger confiscating plaintiff's pain medication in order to cause plaintiff pain (<u>Id</u>. at ¶ 69); (4) ordering plaintiff's overhead cell lights turned on 24 hours a day to cause plaintiff sleep deprivation (<u>Id</u>. at ¶ 69) (5) being left alone with defendant Murray who sexually fondled plaintiff (<u>Id</u>. at ¶ 70); (6) telling other inmates that their cells were being searched due to plaintiff in order to encourage violence against plaintiff (<u>Id</u>. at ¶ 71); (7) holding a sham disciplinary hearing which resulted in plaintiff being found guilty, receiving 30 days keeplock, being removed from her job and her appeal

3

of the disciplinary determination being denied (Id. at ¶¶ 72-73) and (8) being prevented from turning over legal document to her attorney during legal visits by defendant Jackson (Id. at ¶¶ 74-77).  Plaintiff also alleges that in early 2004, defendant McElroy ordered a "four-bag" search of her cell, in retaliation for her reporting sexual misconduct and molestation by his friend, defendant Robinson, which lead to plaintiff receiving a misbehavior report for possessing contraband.  Id. at ¶¶ 79-80.  However, all of the foregoing allegations of retaliation by defendant McElroy are barred by the statute of limitations.

Plaintiff also alleges that defendant McElroy had plaintiff placed in administrative segregation, between April 9, 2004 and August 3, 2004, "for displeasing McElroy" and  "in order to make plaintiff into a 'high profile inmate'... and to isolate her in SHU to inflict physical punishment upon plaintiff and destroy her, up to then, exemplary prison record." Id. at ¶¶ 81, 83, 89, 98.  Plaintiff also alleges that her administrative segregation hearing was a "sham hearing." Id. at ¶ 96.  Plaintiff claims that defendants McElroy, Smith and Notaro gave false testimony. Id.  According to plaintiff, defendant McElroy with the "complicity" of defendant Goldstein, caused plaintiff to be denied necessary medication and items such as an asthma pump, ice, batteries, a second mattress and a second pillow.  Id. at ¶ 85. Plaintiff also alleges that defendant McElroy directed Bedford Hills officers to ignore plaintiff's modified restraint order which caused plaintiff to trip and fall on April 21, 2004, while carrying a  legal file in full shackle restraint and to suffer injuries.  Id. at ¶¶ 89-93.  Plaintiff alleges that her "injuries were the direct result of McElroy's retaliatory action." Id. at ¶ 95.

**B.** **Allegations of Due Process and Equal Protection Violations (Second, Fourth and Eleventh Claim)**

Plaintiff also alleges that since April of 1997, her "tracker" designation "has deprived and/or curtailed plaintiff of rights and privileges afforded other inmates without due process..." Id. at ¶ 43. Plaintiff claims that her "tracker" designation has placed her at greater risk to sexual abuse and official harassment and misconduct. Id. at ¶ 61. Plaintiff further alleges that she was denied rights afforded other inmates, such as being shackled throughout her father's wake and being denied food and water throughout most of the visit, "due to her tracker status and/or in retaliation for her complaints about her tracker status." Id. at ¶ 115.

In addition, plaintiff alleges that she was deprived of property without due process of law. Id. at ¶¶ 119, 120. Plaintiff claims that defendants Barclay and Roger confiscated plaintiff's medically prescribed pain relief items. Id. at ¶ 69.

**C.** **Allegations of Sexual Abuse and Sexual Harassment (Third Claim)**

Furthermore, plaintiff claims that she has been subjected to sexual harassment by Bedford Hills officers. Plaintiff alleges that defendant Ball ordered defendant Armstrong to photograph plaintiff in various stages of undress and that "[t]hese photographs of plaintiff have made their way around the facility." Id. at ¶¶ 102-103. Plaintiff also alleges that she has been subjected to multiple strip-searches by defendant Duncan which are almost always done in highly irregular, sexually explicit and prurient ways. Id. at ¶¶ 104, 105. According to plaintiff, defendant Duncan has squeezed, fondled and grabbed plaintiff's breasts during searches. Id. at 106. Plaintiff alleges that defendant Williams has also compelled plaintiff to undergo multiple strip-searches solely in retaliation for plaintiff's complaints to defendant Superintendent Perez. Id. at ¶ 107.

**D.     State Law Claims**

_____Plaintiff also raises pendent state law claims against the defendants (Fifth, Sixth, Seventh and Eighth Claims, Complaint ¶¶ 125-132).  Plaintiff alleges that defendants alleged actions violated the New York State Constitution's prohibition of cruel and unusual punishment as well as her right to counsel, free speech, equal protection.  Id.

**E.     Allegations of Conspiracy (Ninth Claim)**

Plaintiff's only allegations with respect to her conspiracy claim that she is seeking "damages for injuries .... against individuals who knew or had reason to know of the conspiracy by DOC officials to deprive plaintiff of constitutional rights..." See, Complaint ¶¶ 133-135.

**F.     Allegations of Deliberate Indifference to Serious Medical Needs (Tenth Claim)**

In addition to her allegations regarding being denied her asthma pump and other medically necessary items, plaintiff also alleges that Dr. Goldstein refused to refer plaintiff to a plastic surgeon, neurologist and for an MRI.  Id. at ¶¶ 92-93.  Plaintiff also alleges that Bedford Hills' officials have used plaintiff's medical condition not only as a means to retaliate against plaintiff but also to discriminate against her in retaliation.  Id. at ¶ 112.  For example, plaintiff alleges that the new policy implemented by defendant Goldstein, which prohibits inmates with medical restrictions from having anyone assist them in carrying packages and from using a cart, discriminates against plaintiff.  Id. at ¶ 113. Plaintiff further alleges that defendant Duncan has prevented plaintiff from bringing her medication into the visiting room during visits. Id. at ¶ 108.

**G.     Allegations against DOCS and Supervisory Defendants (Twelfth -Fifteenth Claim)**

Plaintiff alleges that DOCS and the supervisory defendants, Fisher, Leclaire, Nuttal, Raymond and Wright, 1) developed, maintained or knowingly tolerated policies, customs and practices at Bedford Hills exhibiting deliberate indifference to the Constitutional Rights of persons within their custody and care (Twelfth & Thirteenth Claim, Complaint, at ¶¶ 140-149); 2) discriminated against inmates with physical disabilities and or allowed retaliatory discrimination

through the use of Bedford Hill's programs (Fourteenth Claim, Complaint, at ¶¶ 150-151) and 3) developed, maintained or knowingly tolerated policies, customs and practices that have been implemented at Bedford Hills that have allowed medical neglect (Fifteenth Claim, Complaint, at ¶¶ 152-154).

**H.    Failure to Exhaust Administrative Remedies (First - Fifteenth Claim)**

Significantly,  DOCS' records reveal that plaintiff did not exhaust her administrative remedies with respect to any of the claims raised in this action, since these claims or the facts which comprise the basis of these claims were never grieved and appealed to DOCS' Central Office Review Committee ("CORC") for final resolution.

**ARGUMENT**

**Standard of Review for a 12(b) Motion to Dismiss the Complaint**

In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume as true factual allegations in the complaint.  Shipping Financial Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)(citing, Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686  (1974)).  A Rule 12(b)(1) motion may be appropriate when a plaintiff's federal claim is not even minimally plausible.  See, Town of West Hartford v. Operation Rescue, 915 F.2d 92 at 92-99 (2d Cir. 1990).  In most cases, the court should consider a 12(b)(1) motion before ruling on any other motions to dismiss, since dismissal of an action for lack of subject matter jurisdiction will render all other accompanying defenses and motions moot. See, United States ex rel Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1155-56 (2d Cir. 1993), cert. denied sub nom, Kreindler & Kreindler v. United Technologies Corp., 508 U.S. 973 (1993). Thus, a court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) should decide the jurisdictional question first because "a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction."  Magee v. Nassau County Medical Center, 27 F. Supp.2d 154, 158 (E.D.N.Y. 1998).

7

In adjudicating a Rule 12(b)(6) motion to dismiss, "[a] court must accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party…." Brown v. DeFrank, 2006 U.S. Dist. LEXIS 83345, *41 (S.D.N.Y. 2006).  In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 – 1969 (2007), 2007 U.S. LEXIS 5901, *20 – 36 (May 21, 2007), the Supreme Court clarified the pleading standard applicable to a complaint attacked by a motion to dismiss pursuant to FRCP 12(b)(6).  The Court expressly disavowed the well-known language from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 45 – 46.  Of the oft-quoted language in Conley, the Court wrote "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic, 127 S. Ct. at 1969, 2007 U.S. LEXIS 5901 at *35 (citing, Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint."))  Further, "Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  Bell Atlantic, 127 S. Ct. at 1969, 2007 U.S. LEXIS 5901 at *36.  Thus, Bell Atlantic clarifies the standard that a plaintiff must meet in order to avoid having his complaint dismissed; a complaint must now be stated "adequately" to avoid dismissal as opposed to having to show, beyond doubt, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" in order to dismiss a complaint.

The Court is not limited to the four corners of the complaint, but may consider outside documents which are integral to it regardless of whether attached to the complaint, so long as the pleader has notice of them or refers to them.  See,  Schnall v. Marine Midland Bank, 225 F.3d

263, 266 (2d Cir. 2000); <u>Gregory v. Daly</u>, 243 F.3d 687, 691 (2d Cir. 2001).  "[W]hile courts generally do not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings in order to determine if a complaint should survive a 12(b)(6) motion.  The records of state administrative proceedings may be considered."  <u>Garcia v. Lewis</u>, 2005 U.S. Dist. LEXIS 11955, *10 (S.D.N.Y. 2005).  In addition, a Court may consider "matters of which judicial notice may be taken." <u>Brass v. American Film Technologies</u>, 987 F.2d 142, 150 (2d Cir. 1993).  A district court may take judicial notice of public records. <u>See</u>,  <u>Kramer v. Time Warner, Inc.</u>, 937 F.2d 767, 774 (2d Cir. 1991).  When ruling on a Fed. R. Civ. P. 12(b)(6) motion, a district court may take judicial notice of records and reports of administrative bodies, items in the record of the case, matters of general public record, and copies of documents attached to the complaint. <u>See</u>,  <u>Calcutti v. SBU, Inc.</u>, 224 F. Supp. 2d 691, 696 (S.D.N.Y. 2002).

As exhaustion of administrative remedies is a prerequisite to bringing suit an inmate plaintiff necessarily refers to and relies on documents exhibiting proof of exhaustion. Because the exhaustion issue is an integral part of a prisoner's claim, the Court may refer to materials outside of the complaint on a 12(b)(6) motion in determining whether a plaintiff exhausted.  <u>See</u>, <u>Abney v. McGinnis</u>, 2002 U.S. Dist. LEXIS 12180, *6-7, 2002 WL 1461491, *3 (S.D.N.Y.2002), <u>reversed and vacated on other grounds</u>, 380 F.3d 663 (2d Cir. 2004); <u>Martinez v. Wilson</u>, 186 F. Supp.2d 353, 355 (S.D.N.Y. 2002).

**POINT I**

**PLAINTIFF'S CLAIMS AGAINST THE NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES AND THE INDIVIDUAL
SUPERVISORY DEFENDANTS IN THEIR OFFICIAL CAPACITY ARE BARRED
BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

Plaintiff seeks to bring this action against DOCS and the supervisory defendants Fisher, Leclaire, Nuttal, Raymond and Wright, for 1) developing, maintaining or knowingly tolerating policies, customs and practices at Bedford Hills exhibiting deliberate indifference to the Constitutional Rights of persons within their custody and care (Twelfth & Thirteenth Claim, Complaint, at ¶¶ 140-149); 2) discriminating against inmates with physical diabilies and or to allow retaliatory discrimination through the use of Bedford Hill's programs (Fourteenth Claim, Complaint, at ¶¶ 150-151) and 3) developing, maintaining or knowingly tolerating policies, customs and practices that have been implemented at Bedford Hills that have allowed medical neglect (Fifteenth Claim, Complaint, at ¶¶ 152-154).   To the extent the Court is able to discern what constitutional violations plaintiff is attempting to raise with these allegations, these claims must be dismissed because all claims against DOCS, and the supervisory defendants being sued solely in their official capacity, are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment to the United States Constitution bars a suit in a Court of the United States by a citizen of a state against that state, or one of its agencies, absent its consent to such a suit or an express statutory waiver of immunity. See, Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S. Ct. 1114 (1996); Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939 (1986).  These two exceptions to absolute immunity -- the state's consent to be sued or Congress's intent to abrogate the state's immunity from suit -- must be unmistakably clear and unequivocal. See, Seminole; See also, Dellmuth v. Muth, 491 U.S. 223, 227-28, 109 S. Ct. 2397, 2399-2400 (1989).

It is well settled that the State of New York and its agencies, have  not consented to suit in federal court.  See, Trotman v. Palisades Interstate Park Commission, 557 F.2d 35, 38-40 (2d Cir. 1977).  Moreover, the provisions of 42 U.S.C. § 1983 were not intended to override a state's immunity. See, Quern v. Jordan, 440 U.S. 332, 343, 99 S. Ct. 1139, 1146 (1979).  Nor is the State's Eleventh Amendment immunity overridden by raising a due process claim directly under the Fourteenth Amendment.  See, Santiago v. N.Y.S. Dept. of Correctional Services, 945 F.2d 25, 32 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992).  Therefore, the Eleventh Amendment absolutely bars suit under Section 1983 or directly under the Fourteenth Amendment against the State of New York or one of its agencies regardless of the relief sought. See, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-102, 104 S. Ct. 900,  908-909 (1984). Accordingly, plaintiff's claims against DOCS are no different from a suit against the State itself, and cannot be maintained (Claims 12-15). See, Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).

Likewise, plaintiff's claims against the defendants  in their official capacity are barred under the Eleventh Amendment.  It is well established that Eleventh Amendment immunity also extends to damage actions against state officials sued in their official capacities if the state is the real party in interest. See, Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988).  Thus, this Court lacks subject matter jurisdiction to entertain this suit for damages against the individual defendants in their official capacity.   Accordingly, since plaintiff brought this action against defendants Fisher, Leclaire, Nuttal, Raymond and Wright solely in their official capacity, this action must be dismissed against them in its entirety (Claims 12-15).

## POINT II

## PLAINTIFF CANNOT MAINTAIN PENDENT
## STATE LAW CLAIMS AGAINST THE DEFENDANTS

The law is well settled that in addressing pendent jurisdiction, a federal court must look to the substantive law of the state in adjudicating the state claims. See, United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966).  It is equally well settled that a prison inmate cannot commence a cause of action in a New York State Court against prison employees for damages arising out of "any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee."  New York Corr. Law § 24.  Accordingly, the federal court has no jurisdiction to hear plaintiff's state law claims against defendants. See,  Baker v. Coughlin, 77 F.3d 12, 16 (2d Cir. 1996)(state law claims appended to plaintiff's federal claims must be dismissed "because a New York State Court would have dismissed [plaintiff's] state law claims against [defendants] pursuant to [N.Y.S. Corr. Law] § 24.); Graham v. Cochran, 2000 U.S. Dist. Lexis 1477 (Feb. 14, 2000) (same).  Therefore, plaintiff's pendent state law claims (Fifth, Sixth, Seventh and Eighth Claims, Complaint ¶¶ 125-132)  must be dismissed.

## POINT III

## PLAINTIFF'S CLAIMS PRIOR TO APRIL 6, 2004
## ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff failed to commence this action before the expiration of the statute of limitations with respect to several of the claims raised herein.  The statute of limitations for civil rights actions commenced in New York under 42 U.S.C. §1983 is the residual personal injury statute of NYCPLR §214(5) which provides that actions must be commenced within three years. See,

Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997)and Barrett v. United States, 689 F.2d 324, 333 (2d Cir. 1982).

Furthermore, the date of accrual of a § 1983 claim is governed by federal law, and it is undisputed that a § 1983 claim accrues when a plaintiff "knows or has reason to know of the injury which is the basis of his action."  Woods v. Candela, 13 F.3d 574, 575 (2d Cir. 1994); Byrd v. Abate, 964 F. Supp. 140, 144 (S.D.N.Y. 1997); American Auto Mnfrs. Ass'n v. Cahill, 973 F. Supp. 288, 297 (N.D.N.Y 1997)(quoting, Barrett v. United States, 689 F.2d 324, 333 (2d Cir. 1982)).  Moreover, "in determining when the statute begins to run, the proper focus is on the time of the illegal act, not the point at which the consequences of the act become painful." Covington v. City of New York, 916 F. Supp. 282, 285 (S.D.N.Y. 1996) (internal quotations and citations omitted).

Here, plaintiff alleges that certain unlawful conduct took place between early 1993 and prior to April 2004.  See, Complaint, ¶¶ 37-80.  This includes allegations against defendants DOCS, Lord, Goord, McElroy, Roger and Barclay for claims of retaliation (First & Third Claim), deprivation of property (Second Claim), sexual abuse/harassment (Third Claim), cruel and unusual punishment (Third Claim), due process (Fourth Claim), equal protection (Fourth Claim) and conspiracy (Ninth Claim).  Accordingly, any claim relating to these allegations must have been brought between 1996 and approximately March 2007.

The complaint in this action was not filed until April 6, 2007.  Thus, with respect to all of the foregoing claims, the statute of limitations has run, with most having run more than eleven years prior to plaintiff commencing this action.

Statutes of limitation are necessary even against civil rights claims because claims that are remote in time must be put to rest. "Just determinations of fact cannot be made when,

because of the passage of time, the memories of witnesses have faded or evidence is lost." Wilson v. Garcia, 471 U.S. 261, 271 (1985). In this case, plaintiff's alleges acts which she claims took place approximately 14 years ago. Accordingly, defendants should not have to defend themselves for indefinite numbers of years over incidents which occurred so long ago.

### POINT IV

**CLAIMS ALLEGING RETALIATION, DEPRIVATION OF PROPERTY, SEXUAL ABUSE, SEXUAL HARASSMENT, CRUEL AND UNUSUAL PUNISHMENT, DUE PROCESS, EQUAL PROTECTION, CONSPIRACY AND DELIBERATE INDIFFERENCE MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Plaintiff clearly failed to exhaust her administrative remedies as to all of the claims she has raised in this action (Claims 1-15). DOCS' records indicate that plaintiff did not exhaust any of the claims in this action, all of which could be grieved pursuant to DOCS' regulations through the highest level of review. See, Declaration of Karen Bellamy ("Bellamy Decl."), enclosed herein. Accordingly, since plaintiff failed to comply with DOCS' grievance procedure, this action must be dismissed in its entirety.

The Prisoner Litigation Reform Act of 1995 (PLRA), mandates exhaustion by prisoners of all administrative remedies before bringing an action regarding prison conditions. See, 42 U.S.C. § 1997e(a). Specifically, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that the PLRA's "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

14

Failure to exhaust is an absolute bar to an inmate's action in federal court: "1997e(a) requires exhaustion of available administrative remedies before inmate-plaintiffs may bring their federal claims to court at all." Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001). "The PLRA's exhaustion requirement is *mandatory*." George v. Morrison, 2007 U.S. Dist. LEXIS 42640, *9 (S.D.N.Y. 2007) (dismissing inmate plaintiff's § 1983 claims for failure to exhaust) (emphasis added).  "Failure to exhaust is an absolute bar to an inmate's action in federal court: '[section] 1997e(a) *requires* exhaustion of available administrative remedies *before* inmate-plaintiffs may bring their federal claims to court *at all*.'" George, 2007 U.S. Dist. LEXIS 42640, at *10 (*quoting*, Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) (emphasis in original)).   Because the plain language of 1997e(a) states "no action shall be brought," the inmate must have exhausted his claims at the time the initial complaint was filed; "Subsequent exhaustion after suit is filed therefore is insufficient." Id.  Accord Salahuddin v. Mead, 174 F.3d 271, 274-75 (2d Cir. 1999)(1997e(a)'s phrase "no action shall be brought"..... "is a command that governs the circumstances in which an action yet to be initiated may be brought.")(internal quotations & citations omitted).

In order for an inmate to exhaust her claim for purposes of § 1997e(a), she must file a grievance and appeal that grievance through all three levels of the IGP procedure.  "[E]ven if a plaintiff files a valid grievance, [s]he must still  exhaust  all appeals before filing suit." Moulier v. Forte, 2003 U.S. Dist. LEXIS 9082 at *2 (S.D.N.Y. 2003).  The inmate's claim is thus not exhausted until she appeals to and receives a final decision regarding her grievance from the DOCS Central Office Review Committee in Albany ("CORC"). See, Wilson v. Keane, 2003 U.S. Dist. LEXIS 16113 at **1-2 (S.D.N.Y. 2003); Orta v. City of New York Dep't of Correction, 2003 U.S. Dist. LEXIS 2682 at **5-6 (S.D.N.Y. 2003); Mendez v. Artuz, 2002 U.S.

15

Dist. LEXIS 3263 at **4-5 (S.D.N.Y. 2002).  See generally, 7 NYCRR §§ 701, et. seq.;  Khalid

v. Reda, 2003 U.S. Dist. LEXIS 39 at *12 ("An inmate has not exhausted his administrative

remedies until he goes through all three levels of the grievance procedure.")(Gorenstein, M.J.).

It is uniquely important that grievances be filed and appealed when they implicate

allegations of retaliation for exercising a First Amendment right, as well as sexual abuse and

sexual harassment,  as alleged in this case.  Allowing DOCS an opportunity to address such

issues is at the heart of DOCS' inmate grievance program and the PLRA's exhaustion

requirement.  Allowing an inmate plaintiff to proceed with issues that DOCS officials "had no

reason to address" in responding to a grievance "would make a mockery of the exhaustion

requirement."  Luckerson, 2002 U.S. Dist. LEXIS 13297 at *5 (S.D.N.Y. 2002).[2]  This is

especially relevant to the claims against defendant McElroy.  All of plaintiff's claims against

defendant McElroy are alleged to have occurred in retaliation for (1) plaintiff's refusal to engage

in sexual acts with him, (2) reporting sexual misconduct and (3) her exercising her constitutional

rights. See, Complaint, ¶¶ 62-99.

In this case, plaintiff has not exhausted any grievance regarding the facts that comprise

the basis of any of the claims she has raised in this action,  including, but not limited to,  her

claims of retaliation, deprivation of property, sexual abuse, sexual harassment, cruel and unusual

punishment, due process, equal protection, conspiracy and deliberate indifference to her medical

needs.  These claims clearly fall within the exhaustion requirement. See,  Porter v. Nussle, 2002

U.S. LEXIS 1373, *28 (2002)(exhaustion requirement applies to all inmate suits about prison

---

[2]Another benefit of exhaustion is that it allows for the creation of an administrative record
which "clarifies the contours of the controversy" should the matter ultimately go to Court.  Porter,
534 U.S. at 525.  This benefit would be lost if plaintiff was allowed, as here, to identify problems
in court which could have been, but were not, identified in grievances.

life, whether they allege excessive force or some other wrong).   Although plaintiff makes reference to "grievances", the governmental records maintained by DOCS establish that plaintiff never appealed any grievance to CORC regarding the facts that comprise any of the foregoing claims raised in her complaint before this action was commenced.  See, Complaint, ¶ 33; See also, Bellamy Decl., ¶¶ 3-4 and Exh. A thereto.  Moreover, as evidenced by plaintiff's appeal of her 1993 grievance to CORC, plaintiff was well aware of the grievance system. Id. at Exh. A to Bellamy Decl.

Plaintiff has also set forth no reason why her failure to exhaust all of the claims asserted against the represented defendants should be excused.  Plaintiff's conclusory allegations that "numerous obstacles were placed in plaintiff's path in filing grievances", that she was "threatened with retaliation and or her field grievances were lost or misplaced", do not rise to the level of possible "justification" contemplated by the Second Circuit to excuse the failure to comply with administrative procedural requirements and to render plaintiff's administrative remedies unavailable. See, e.g. Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004)(Court remanded matter to determine whether prisoner's allegation of having been threatened by corrections officers and beaten prior to filing his complaint rendered his administrative remedies unavailable); See also, Ziemba v. Wezner, 366 F.3d 161, 163-164(2d Cir. 2004)) (Court held defendant's exhaustion defense is subject to estoppel where prisoner claimed that he was beaten, threatened and denied grievance forms and writing materials).  The Second Circuit cases clearly do not contemplate a situation where an inmate does nothing for fourteen years and then files a complaint which merely contains certain "buzz words" such as "obstacles" and "threatened" in order to excuse her complete failure to comply with DOCS' grievance procedure.

17

To the extent that plaintiff is attempting to claim that her alleged written and oral complaints excused her failure to grieve and exhaust the underlying facts of the claims raised in this action, that argument has been expressly rejected by the Second Circuit.  In Macias v. Zenk, 2007 U.S. App. LEXIS 17795 *17-18 (2d Cir. July 26, 2007),  the Court very recently held that "informal steps" do not put prison official on notice of their concerns because "notice alone is insufficient."   The Court further held that alerting prison officials to the nature of the wrong "does not constitute *proper exhaustion.*'" Id. at * 10, 18, citing, Woodford v. Ngo, 126 S. Ct. 2378 (2006) (The Court held that "proper exhaustion" means that a prisoner must comply with the system's critical procedural rules).   The court also held that a prisoner must exhaust his claims both procedurally and substantively. Id. at *14-15.   Since plaintiff never grieved and appealed to CORC the claims she has raised in this action, she has clearly failed to procedurally exhaust her administrative remedies, thus failing to satisfy the PLRA's exhaustion requirement. Id. at *15-16.

Furthermore, although plaintiff alleges that one reason she was unable to contest her "Tracker" designation (See, POINT VI  for explanation of "Tracker") was "since her [Tracker] status was not a DOCS designation,  it was not a proper subject of a grievance",  that does not constitute justification for failing to grieve and exhaust the claims arising from this designation. Plaintiff alleges that she was designated a Tracker in retaliation for refusing to consent to a lesbian relationship. See, Complaint at ¶¶ 37-39. Plaintiff also alleges that she was retaliated against for her efforts to shed the Tracker designation (Id. at ¶¶ 52-53), and that her Tracker designation deprived of rights afforded other inmates without due process (Id. at ¶ 43) as well as placed her at greater risk to sexual abuse, harassment and misconduct (Id.  at ¶ 61).  Thus, even if we were to credit plaintiff's claim that she could not contest her Tracker designation in a

18

grievance, plaintiff's allegations surrounding her Tracker status are incorporated in the claims she raises in her complaint, including, but not limited to her claims of retaliation, equal protection, due process, sexual abuse, sexual harassment and cruel and unusual punishment,  all of which could be grieved.  See, Bellamy Decl. ¶¶ 3-4. Therefore, plaintiff failed to exhaust her administrative remedies with respect to the claims premised on her "Tracker" designation.

Accordingly, for the reasons set forth above, plaintiff's entire action must be dismissed, pursuant to 42 U.S.C. § 1997e(a).  The Court need not reach the remaining issues raised in this motion with respect to the claims raised herein, but can do so to the extent of dismissing particular claims with prejudice.[3]

## POINT V

### PLAINTIFF DOES NOT STATE A DUE PROCESS CLAIM WITH RESPECT TO HER CLAIM OF DEPRIVATION OF PROPERTY

Plaintiff alleges that she was deprived of property without due process of law by defendants Lord, Perez, McElroy, Schneider, Goldstein, Ball, Smith, Murray, Armstrong, Notaro, Barclay, Roger, Duncan, Williams, Robinson and Jackson (Second Claim). See, Complaint, ¶ 119-120.  However, the Supreme Court has specifically held that plaintiff has no claim of denial of due process with respect to her alleged deprivation of property since New York State provides an adequate post-deprivation remedy. See, Hudson v. Palmer, 468 U.S. 517, 526, 104 S. Ct. 3194 (1984) (Court held that intentional deprivation of property by the state could not violate due process if the state provides an adequate post-deprivation remedy).  In New York State, the specific procedure for inmate property claims is governed by DOCS' Directives and "[s]tate

---

[3]"In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

judicial review of the administrative decision is by way of a proceeding pursuant to Article 78 of the CPLR or an action in the Court of Claims." Graham v. Coughlin, 1984 U.S. Dist. LEXIS 24775 *4 (S.D.N.Y. 1984). Accordingly, plaintiff's deprivation of property claim (Second Claim) must be dismissed.

## POINT VI

## PLAINTIFF DOES NOT STATE AN EQUAL PROTECTION CLAIM

Plaintiff makes the conclusory allegations that all of the defendants, with the exception of DOCS, have violated her Equal Protection rights under the state and federal Constitutions (Fourth and Eleven Claim). See, Complaint, ¶¶123-124, 138, 139. Plaintiff claims that her "Tracker" designation "has deprived and/or curtailed plaintiff of rights and privileges afforded other inmates without due process..." Id. at ¶ 43. Plaintiff also alleges that she was discriminated against based on her race. Id. at ¶ 139.

"To prove a violation of the Equal Protection clause, a plaintiff must demonstrate that [s]he was intentionally treated differently from others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class." Selah v. Goord, 2006 U.S. Dist. LEXIS 51051 (S.D.N.Y. 2006)(citing, Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995)). Plaintiff must also show that "the disparity in treatment cannot survive the appropriate level of scrutiny which, in the prison setting, means that [s]he must demonstrate that [her] treatment was not reasonably related to [any] legitimate penological interests." Id. at *21(quoting, Shaw v. Murphy, 532, U.S. 223, 225, 121 S.Ct. 1475 (2001)).

"Prisoners are not a suspect class" under the Equal Protection Clause." Salahuddin v. Unger, 2005 U.S. Dist. LEXIS 18865, *20 (E.D.N.Y. 2005)(citing, Lee v. Governor of State of New York, 87 F.3d 55, 60 (2d Cir. 1996)). Thus, it follows that a prisoner who is designated as a

"Tracker" for security reasons is not a suspect or protected class.[4]   Research has not revealed any case in which the Court has found a DOCS security designation can constitute a suspect or protected class.

In addition, plaintiff has not presented "any information regarding resultant disparate treatment that was not reasonably related to legitimate penological interests." Selah, 2006 U.S. Dist. LEXIS 51051 at * 21.  Since the "tracker" designation at Bedford Hills was a security designation, it was clearly a matter of prison administration.  Therefore, plaintiff has failed to state a claim for an equal protection violation since she has not alleged a "purposeful discrimination directed at an identifiable or suspect class." Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995) (citing, McCleskey v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 95 L. Ed. 2d 262 (1987); Kadrmas v. Dickinson Pub. Sch., 487 U.S. 450, 457-58, 108 S. Ct. 2481, 101 L. Ed. 2d 399 (1988)).

Furthermore, plaintiff does not allege how she was discriminated against based on her race.  Other than stating that she is a "white" female, plaintiff has not alleged any facts which would support an inference that racial consideration played a part in the alleged acts of defendants. See, Complaint, ¶ 36.   Plaintiff has also failed to allege any "purposeful discrimination" directed at her because she is a "white" female.

It is clear that the plaintiffs has failed to state an Equal Protection claim.  Therefore, plaintiff's Equal Protection claim (Fourth and Eleventh Claim) should be dismissed.

---

[4] The designation of "Tracker" was a security designation at Bedford Hills which was abolished on March 5, 2007.

## POINT VII

### PLAINTIFF'S FORMER "TRACKER" DESIGNATION
### <u>DID NOT IMPLICATE A CONSTITUTIONAL VIOLATION</u>

To the extent plaintiff is attempting to raise a constitutional violation with respect to her, now abolished, Tracker designation, plaintiff's claim must be dismissed since the Tracker designation did not implicate a liberty interest or a constitutional right.  In addition to the alleged retaliatory circumstances surrounding her Tracker designation, plaintiff alleges that her "Tracker status has deprived and/or curtailed [her] of rights and privileges afforded other inmates without due process..."  <u>See</u>, Complaint ¶ 43.  Plaintiff claims that this designation has negatively impacted on her trailer visits, caused her unwarranted notoriety and stigma within the facility, is a constant source of ridicule and embarrassment and created unnecessary tension between plaintiff and the correctional staff.  <u>Id</u>. at ¶¶ 44-48.  Plaintiff also claims that she has been denied the right to contest her Tracker designation.  <u>Id</u>. at ¶ 51.  However, the Second Circuit has held that "liability can only be imposed for 'conduct which subjects or causes to be subjected' the complainant  to a deprivation of a right secured by the Constitution.'"  <u>Id</u>. (quoting <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976)).  Since plaintiff clearly did not have a constitutional right not to be designated a "Tracker" or even a constitutional right to unrestricted trailer visits, to be free from unwarranted notoriety, ridicule or tension within the facility, plaintiff's claims arising from her Tracker designation do not rise to the level of a constitutional violation.

Plaintiff specifically fails to allege a due process claim regarding her challenge of the Tracker designation.  <u>See</u>, Complaint ¶¶  43, 50.  In order for a plaintiff to prevail on a § 1983 claim for denial of due process, she "must establish (1) that [she] possessed a liberty interest and (2) that the defendant(s) deprived [her] of that interest as a result of insufficient process."  <u>Giano v. Selsky</u>, 238 F.3d 223,  225 (2d Cir. 2001).  Plaintiff "must first 'identify a liberty interest

protected by the Due Process Clause of which he was deprived.'" See, Sandin v. O'Connor, 515 U.S. 472 (1995); Williams v. Goord, 111 F. Supp. 2d 280, 288 (S.D.N.Y. July 28, 2000). "[O]ther than in the context of disciplinary proceedings, New York State inmates have no liberty interest in DOCS security classifications, which are committed to the 'unfettered discretion' of the DOCS." Smith v. City of New York, 2006 U.S. Dist. LEXIS 90117 (S.D.N.Y. 2006)(quoting, Sher v. Coughlin, 739 F.2d 77, 81 (2d Cir. 1984)).  Since plaintiff did not have a protected liberty interest in not being designated a Tracker, she fails to allege a due process claim arising from her Tracker designation.

In addition, plaintiff fails to state a retaliation claim stemming from her tracker designation. A plaintiff asserting First Amendment retaliation claims must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action. See, Dawes v. Walker, 239 F.3d 489  (2d Cir. 2001); See also, Lunney v. Brureton, 2005 U.S. Dist. LEXIS 770, *30-31  (S.D.N.Y. Jan. 2005); Gill v. Riddick, 2005 U.S. Dist. LEXIS 5394, *26 (N.D.N.Y. March 2005).  In order to demonstrate an adverse action, "a prisoner must present evidence inferring that Defendants acted with an improper motive." Gill v. Riddick, 2005 U.S. Dist. LEXIS 5394 at *42.   Since a security designation imposed by DOCS cannot constitute adverse action, plaintiff has failed to state a retaliation claim with respect to her tracker designation.  Cite cell search case. See also, Lowrance v. Achtyl, 20 F.3d 529 (2d Cir. 1994) (Court held that if a state action is "taken for both proper and improper reasons, state action may be upheld if the action would have been taken based on the proper reason alone.").

## POINT VIII

## <u>PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CONSPIRACY</u>

It is well-established that in order to survive a motion to dismiss, a § 1983 complaint alleging a conspiracy to violate civil rights must contain specific allegations. <u>See</u>, <u>Pollack v. Nash</u>, 58 F. Supp 2d 294, 302, 303, (S.D.N.Y. 1999); <u>Julian v. N.Y.C. Transit Auth.</u>, 857 F. Supp. 242, 252 (E.D.N.Y. 1994) (interpreting § 1985). As the Second Circuit has explained,

> We have, of course, repeatedly held that in order to state a claim of conspiracy under § 1983 the complaint must contain more than mere conclusory allegations. And while a plaintiff should not plead mere evidence, he should make an effort to provide some details of time and place and the alleged effect of the conspiracy. Thus, complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed: diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.

<u>See</u>, <u>Pollack v. Nash</u>, 58 F. Supp 2d 294, 302-03, (S.D.N.Y. 1999) (<u>citing</u>, <u>Dwares v. City of New York</u>, 985 F.2d 94, 99-100 (2d Cir. 1993)); <u>See also</u>, <u>Liner v. Goord</u>, 115 F. Supp 2d 432, 435(S.D.N.Y. Sept. 28, 2000)(<u>quoting</u>, <u>Leon v. Murphy</u>, 988 F.2d 303, 311 (2d Cir. 1993)).  To the extent that plaintiff is alleging a conspiracy claim, this claim must be dismissed.

To establish a conspiracy, a plaintiff must plead facts demonstrating an agreement among two or more persons to violate an individual's constitutional rights. <u>Romer v. Morgenthau</u>, 119 F. Supp. 2d 346, 363 (S.D.N.Y. Sept. 26, 2000).  A plaintiff must allege substantial facts to give rise to an inference of a meeting of the minds between the alleged conspirators.  <u>Romer</u>, 119 F. Supp.2d at 363; <u>Pollack v. Nash</u>, 58 F. Supp.2d at 302.   Vague allegations of a conspiracy without pleading any overt acts or providing a basis in fact, are insufficient to state a claim. <u>Polour v. Raffe</u>, 912 F.2d 52, 56 (2d Cir. 1990), <u>cert.</u> <u>denied</u>, 499 U.S. 937 (1991).  In short, a claim of conspiracy must be supported by specific factual allegations.  <u>Leon v. Murphy</u>, 988 F.2d 303, 311 (2d Cir. 1993).

In addition, allegations of a conspiracy require a plaintiff to prove "an actual violation of constitutional rights." LaBounty v. Gomez, 1997 U.S. Dist. LEXIS 2496 *16 (S.D.N.Y. 1997) citing, Singer v. Fulton County Sheriff, 63 F.3d 110, 119, 1995 U.S. App. LEXIS 21569 (2d Cir. 1995). A 1983 action for conspiracy "will stand only insofar as the plaintiff can prove the sine qua non of a § 1983 action: the violation of a federal right."Singer, 63 F.3d at 119, 1995 U.S. App. LEXIS **28, citing, Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598 (1970)(one of the necessary elements of a §1983 action is "that the defendant has deprived [the plaintiff] of a right secured by the 'Constitution and laws' of the United States.").

In the present case, plaintiff has failed to establish the existence of any conspiracy to violate plaintiff's civil rights (Ninth Claim, Complaint ¶¶133-135 ). Beyond merely stating, in the most conclusory manner possible,  that she is seeking damages for injuries .... against individuals who knew or had reason to know of the conspiracy by DOC officials to deprive plaintiff of constitutional rights...",  plaintiff fails to specifically name any defendants who were involved in the alleged  conspiracy or to allege any other details of time and place and the alleged effect of the conspiracy. See, Complaint ¶¶ 133-135.   Not only has plaintiff failed to allege any overt acts performed by any of the defendants in furtherance of the so-called conspiracy and to allege any meeting of the minds on the part of the defendants, she has also failed to allege a violation of a constitutionally protected right by the alleged conspiracy.

Plaintiff's conspiracy claim is conclusory, speculative and devoid of supporting facts that suggest that there is any merit to this argument. See, Pollack v. Nash,58 F. Supp.2d at 302-303, citing, Contemporary Mission, Inc. v. U.S. Postal Service, 648 F.2d 97, 107 (2d Cir. 1981). [T]his Court has repeatedly held that complaints containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to

dismiss) (citation and internal quotations omitted); <u>Howard v. Koch</u>, 575 F. Supp. 1299 (E.D.N.Y. 1982)(to prevent the proliferation of vague and wholesale allegations, encouraging the redress of imagined wrongs, the Second Circuit has long endorsed a requirement of specificity in entertaining such complaints)(<u>citing</u>, <u>Powell v. Jarvis</u>, 460 F.2d 551 (2d Cir. 1972)). Accordingly, because plaintiff fails to allege anything more that vague and conclusory allegations, offers no factual basis of any agreement, action in concert or overt conduct by any of the defendants that fall within the scope of conspiracy to deprive plaintiff of her civil rights, and does not even allege the violation of a constitutional right, plaintiff's claim of a conspiracy (Ninth Claim) must be dismissed as a matter of law.

**POINT IX**

**PLAINTIFF HAS FAILED TO ALLEGE THE PERSONAL INVOLVEMENT
OR STATE A CLAIM AGAINST SEVERAL DEFENDANTS**

In addition to requiring dismissal based on plaintiff's failure to exhaust her administrative remedies, plaintiff's claims against certain defendants must also be dismissed for failure to allege the defendants' personal involvement in any constitutional violation or for failing to state a claim against those defendants. <u>See</u>, <u>e.g</u>. Complaint ¶¶ 75, 79,102.

It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 42 U.S.C. Sec. 1983." <u>Colon v. Coughlin</u>, 58 F.3d 865 (<u>quoting</u>, <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994)); see also, <u>Santiago v. Meinsen</u>, 89 F. Supp.2d 435, 442 (S.D.N.Y. February 25, 2000). Moreover, the Second Circuit has held that:

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or

26

custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon, 58 F.3d at 873.

### A.      Defendants Ball and Armstrong

Plaintiff's only allegation with respect to defendant Ball and defendant Armstrong is that they took photographs of plaintiff's injuries over her objections.  See, Complaint ¶ 102.  Plaintiff has not, and cannot, maintain a constitutional claim for the mere taking of pictures of an injury.  See e.g.,  Acre v. Miles, 1991 U.S. Dist. LEXIS 8763, *15 (S.D.N.Y. 1999) (Court noted that the Second Circuit has held that "liability can only be imposed for 'conduct which subjects or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution.'" ) (quoting, Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)).

### B.      Defendant Perez

Although plaintiff has named defendant Perez in most of the claims raised in this action (Claims 1-11; See, Complaint, 118-139), plaintiff has failed to allege the personal involvement of defendant Superintendent Perez in any constitutional violation.  To the extent plaintiff is seeking to attach liability to defendant Perez based on her being the Superintendent of Bedford Hills, liability of supervisory officials under 42 U.S.C. § 1983 cannot be premised on respondeat superior.

In addition, plaintiff's allegations of writing to defendant Perez to complain of alleged retaliation is also not sufficient to constitute personal involvement in a constitutional violation. See, Complaint   ¶¶ 34, 65. "It is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations."  Higgins v. Artuz, 1997 U.S. Dist. LEXIS 12034, at *7 (S.D.N.Y. 1997) (quoting Greenwaldt v. Coughlin, 1995 U.S. Dist. LEXIS 5144, at *4

27

(S.D.N.Y. 1995)); see also, Garrido v. Coughlin, 716 F. Supp. 98, 100 (S.D.N.Y. 1989) (complaint against DOCS Commissioner  dismissed where his only alleged connection to the case was that "he ignored [plaintiff's] letter of protest and request for an investigation of the allegations in [the] action").

Similarly, plaintiff's allegations of complaining to defendant Perez of defendant Duncan not permitting her to take medication to her visits is not sufficient to constitute personal involvement in defendant Duncan's alleged acts. (See, Complaint, ¶¶ 105, 109). [5] See, Romer v. Morgenthau, 119 F. Supp.2d 346, 354 (S.D.N.Y. 2000)("Mere allegations that defendants know of the wrongs does not establish personal involvement."). Therefore, plaintiff has failed to establish the personal involvement of defendant Perez in any claims (Claims 1-11).

## C.      Defendant Schneider

Plaintiff's only allegation against defendant Schneider is that she sent plaintiff a letter "threatening to have plaintiff placed in SHU should she ever write Perez again." See, Complaint, ¶ 111.  However, "threats do not amount to violations of constitutional rights." Moncrieffe v. Witbeck, 2000 U.S. Dist. LEXIS 9425 *9 (N.D.N.Y.2000)(quoting, Malsh v. Austin, 901 F. Supp. 757, 763 (S.D.N.Y. 1995).   Therefore, since plaintiff has failed to allege defendant Schneider's personal involvement in any constitutional violation, the complaint should be dismissed against her in its entirety.

## D.      Defendants Smith and Notaro

Although plaintiff's only allegations against defendants Smith and Notaro are that (1) defendant Smith charged plaintiff with possessing contraband on April 9, 2004 (See, Complaint § 81) and (2) defendants Smith and Notaro gave false testimony at plaintiff's administrative

---

[5] Defendants do not raise this argument with respect to Third Claim.

segregation hearing (See, Complaint § 96), plaintiff names them in each and every claim raised in this action.  Therefore, since plaintiff has failed to allege their personal involvement in his claims of retaliation, deprivation of property, sexual abuse, sexual harassment, cruel and unusual punishment, equal protection, conspiracy and deliberate indifference to her serious medical needs, these claims must all be dismissed as to defendants Smith and Notaro.

To the extent plaintiff is alleging that defendant Smith issued plaintiff a false misbehavior report ( See Complaint  ¶ 81), the filing of a report, even if based on unfounded charges, does "not give rise to a per se constitutional violation actionable under section 1983." Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986)(cert denied, 485 U.S. 982 (1988)). Therefore, defendant Smith did not have sufficient personal involvement with the alleged due process violation arising out of plaintiff's administrative segregation hearing with respect to the writing of the misbehavior report.

## POINT X

### PLAINTIFF FAILS TO STATE A DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS CLAIM AGAINST DEFENDANT GOLDSTEIN

It is well settled that in order to establish an Eighth Amendment claim arising out of inadequate medical treatment, a prisoner must prove "deliberate indifference to [her] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285 (1976).  Officials must "intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed." Id. at 104-105.   This deliberate indifference standard embodies both an objective and a subjective prong. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)(cert. denied, 115 S. Ct. 1108 (1995)).  First, under the objective standard, a plaintiff must allege a deprivation "sufficiently serious" to constitute a constitutional violation.   Id. at 66.   This contemplates  a condition of urgency, one that may produce death, degeneration, or extreme pain.

Id.  Second, under the subjective component, the defendant prison official must have acted with a sufficiently culpable state of mind; that is, he must:

> 'know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a <u>substantial risk of serious harm</u> exists, and he must also draw the inference.'

<u>Hathaway</u>, 37 F.3d at 66. There must be some evidence that the health care providers knowingly and intentionally rendered improper treatment. <u>See</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994) (stating that a prison official does not act in a deliberately indifferent manner towards an inmate unless he "knows of and disregards an excessive risk to inmate health or safety").

## A.   <u>Plaintiff's Alleged Medical Complaints Do Not Constitute a Serious Medical Need</u>

Plaintiff alleges deliberate indifference stemming from Dr. Goldstein's "complicity" with defendant McElroy in denying plaintiff " necessary medication for pain and her other physical aliments for extended periods of time."  <u>See</u>, Complaint ¶85.   Plaintiff further alleges that Dr. Goldstein ignored the recommendations of other physicians at Bedford Hills for plaintiff to see a plastic surgeon and neurologist for her injured shoulder, broken finger and nerve damage to her elbow and arm.   <u>Id</u>. at ¶ 92.   In addition, plaintiff alleges that Dr. Goldstein refused the recommendation for plaintiff to have a ct scan and/or MRI of her injured right ankle. <u>Id</u>. at ¶ 93.

Although these medical issues, standing alone, might not satisfy the objective component of deliberate indifference in that they do not constitute serious medical needs, for purposes of this motion, defendants do not assert that plaintiff did not have a serious medical condition. <u>See</u>, <u>Davidson v. Scully</u>, 914 F. Supp 1011, 1015-16 (S.D.N.Y. 1996)(plaintiff's alleged blurry vision, tearing, headaches and a variety of other conditions not sufficiently serious medical needs to state an Eighth Amendment claim because they "do not produce death, degeneration or extreme

30

pain.") <u>See</u> <u>also</u>, <u>Taylor v. Smolinski</u>, 2003 U.S. Dist. LEXIS 9994, n. 10 (W.D.N.Y. April 18, 2003)(collecting cases where the following list of medical conditions were held to not be sufficiently serious to form the basis of an Eight Amendment claim: a knee injury and a need for new eyeglasses; a cilival lesion on the plaintiff's skull; bruising on plaintiff's head, back and wrist coupled with back pain and migraines; a cut finger where the cut skin was ripped off; abrasions and a headache; a broken finger; and, "a foot condition involving fracture fragments, a bone cyst and degenerative arthritis")(internal citations omitted).

However, in the event that defendants' motion is denied and the matter proceeds to trial, defendants reserve the right to argue that plaintiff did not satisfy the objective prong of a deliberate indifference claim.

**B.      Dr. Goldstein Was Not Deliberately Indifferent**

Even if the Court were to conclude that plaintiff had alleged a serious medical need, plaintiff cannot satisfy the subjective component since there is no showing that Dr. Goldstein acted "with the requisite culpable mental state." <u>Hathaway</u>, 37 F.3d at 66.  First, other than plaintiff's conclusory allegations of Dr. Goldstein's "complicity" with defendant McElroy to deny plaintiff necessary pain medication and pain relief equipment (<u>See</u>, Complaint ¶ 85),  there are no allegations  that Dr. Goldstein knowingly and intentionally rendered improper treatment or that she knew of and disregarded a substantial risk of serious harm to the plaintiff.  <u>Farmer</u>, 511 U.S. at 837-838. In addition, plaintiff has not set forth allegations that Dr.  Goldstein intentionally denied her needed medical care over a period of time or completely withheld medical care in order to make out a constitutional violation which can support a 1983 claim. <u>See</u>, <u>Joyner v. Greiner</u>, 195 F.Supp.2d 500, 504, 2002 U.S.Dist. LEXIS 6994, *8 (S.D.N.Y. April 19, 2002)(complaint dismissed against defendant doctor where plaintiff did not sufficiently plead facts against him satisfying subjective component in order to make out claim for deliberate

indifference to serious medical needs); <u>See</u> <u>also</u>, <u>Hathaway v. Coughlin</u>, 841 F.2d 48, 50 (2d Cir. 1988); <u>McBride v. Gomez</u>, 1994 U.S. Dist. LEXIS 1231 (S.D.N.Y. Feb. 8, 1994)(motion to dismiss granted where plaintiff did not allege that the defendants acted intentionally to withhold from him the medication he sought).

In addition, plaintiff's allegations with respect to Dr. Goldstein ignoring recommendations for plaintiff to be seen by a plastic surgeon and a neurologist as well as to have a ct scan and/or MRI, does not constitute deliberate indifference on the part of Dr. Goldstein.  It is well established that "mere disagreement over the proper treatment does not create a constitutional claim. <u>See</u>, <u>Chance v. Armstrong</u>, 143 F.3d 698, 703 (2d Cir. 1998); <u>See</u> <u>also</u>, <u>Fleming v. Velardi</u>, 2003 U.S. Dist. LEXIS 13078, *9-10 (S.D.N.Y.  2003)("The question whether an x-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.")(quoting <u>Estelle</u>, 429 U.S. at 107).  Taking it a step further, in <u>Sereika v. Patel</u>, 411 F. Supp.2d 397, 2006 U.S. Dist. LEXIS 2697 (SDNY Janaury 25, 2006), this Court recently held that the allegations of plaintiff, a federal inmate, that he was not prescribed pain medication, that he was not referred to a specialist, that he was examined by a physician assistants rather than a doctor, that he was improperly diagnosed and treated, do not state a claim for deliberate indifference, as "mere disagreement in treatment does not amount to an Eighth Amendment violation." <u>quoting</u>, <u>Brown v. McElroy</u>, 160 F. Supp.2d 699, 705-06 (S.D.N.Y. 2001).

Plaintiff has failed to plead any facts that could establish deliberate indifference by Dr. Goldstein.  At most, plaintiff alleges negligent treatment of a medical condition which is not a constitutional violation. <u>See</u>, <u>Estelle v. Gamble</u>, at 104-106.  Therefore, plaintiff's deliberate indifference claim against Dr. Goldstein should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court grant defendants' motion to dismiss the complaint, pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6), in its entirety.

Dated:  New York, New York
          August 10, 2007

                                    Respectfully submitted,

                                    ANDREW M. CUOMO
                                    Attorney General of the
                                    State of New York
                                    Attorney for Defendants
                               By:
                                    s/ Maria Barous Hartofilis
                                    MARIA  BAROUS HARTOFILIS
                                    Assistant Attorney General
                                    120 Broadway
                                    New York, New York  10271
                                    (212) 416-6295


MARIA BAROUS HARTOFILIS
Assistant Attorney General
   **of Counsel**