UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAURIE KELLOGG,

                                                   07 CV 2804 (BJ)(GWG)

                        Plaintiff,


      - against -


NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,

                        Defendants.
------------------------------------------------------------------------X




## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT




                                     ANDREW M. CUOMO
                                     Attorney General of the
                                     State of New York
                                     Attorney for Defendants
                                     120 Broadway
                                     New York, New York 10271
                                     Tel. No. (212) 416-6295




MARIA BAROUS HARTOFILIS
Assistant Attorney General

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT I        PLAINTIFF CONCEDES THAT CERTAIN CLAIMS MUST BE DISMISSED..3

A.    Claims Barred by the Eleventh Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
B.    Plaintiff Cannot Maintain Pendent State Law Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
C.    Claims Barred by the Statute of Limitations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT II       CLAIMS ALLEGING RETALIATION, DEPRIVATION OF
               PROPERTY, SEXUAL ABUSE, SEXUAL HARASSMENT, CRUEL
               AND UNUSUAL PUNISHMENT, DUE PROCESS, EQUAL
               PROTECTION, CONSPIRACY AND DELIBERATE INDIFFERENCE
               MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE
               REMEDIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT III      PLAINTIFF DOES NOT STATE A DUE PROCESS CLAIM
               WITH RESPECT TO HER CLAIM OF DEPRIVATION
               OF PROPERTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT IV       PLAINTIFF DOES NOT STATE AN EQUAL PROTECTION
               CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT V        PLAINTIFF'S FORMER "TRACKER" DESIGNATION
               DID NOT IMPLICATE A CONSTITUTIONAL VIOLATION . . . . . . . . . . . . 10

POINT VI       PLAINTIFF HAS FAILED TO STATE A CLAIM FOR
               CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT VII      PLAINTIFF HAS FAILED TO ALLEGE THE PERSONAL INVOLVEMENT
               OR STATE A CLAIM AGAINST SEVERAL DEFENDANTS . . . . . . . . . . . . . 11

POINT VIII     PLAINTIFF FAILS TO STATE A DELIBERATE INDIFFERENCE
               TO SERIOUS MEDICAL NEEDS CLAIM AGAINST DEFENDANT
               GOLDSTEIN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**Case**                                                                        **Page**

Amador v. Superintendents of the Department of Correctional Services (DOCS) Andrews,
    2007 U.S. Dist. LEXIS 89648 (S.D.N.Y. December 3, 2007). . . . . . . . . . . . . . . . . . . . . . . 8

Acre v. Miles,
    1991 U.S. Dist. LEXIS 8763 (S.D. N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Barrett v. United States,
    689 F.2d 324 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Brown v. Wright, 2005 U.S. Dist. LEXIS 31239, 04 Civ. 0462 (S.D.N.Y. 2005) . . . . . . . . . . 10

Chance v. Armstrong,
    143 F.3d 698 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Connolly v. Havens,
    763 F. Supp. 6 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Estelle v. Gamble,
    429 U.S. 97, 97 S. Ct. 285 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fleming v. Velardi,
    2003 U.S. Dist. LEXIS 13078, *9-10 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 15

Freeman v. Rideout,
    808 F.2d 949 (2d Cir. 1986)(cert denied, 485 U.S. 982 (1988) . . . . . . . . . . . . . . . . . . . . 13

Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc.,
    723 F. Supp. 976 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Hudson v. Palmer,
    468 U.S. 517, 104 S. Ct. 3194 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Islam v. Goord, 2006 U.S. Dist. LEXIS 71853 (SDNY 2006) . . . . . . . . . . . . .5, 10,12,14

Joyner v. Greiner,
    195 F. Supp. 2d 500, 2002 U.S. Dist. LEXIS 6994 (S.D.N.Y. 2002) . . . . . . . . . . . . . . 14

Khalid v. Reda,
    2003 U.S. Dist. LEXIS 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Lee v. Governor of State of New York,
    87 F.3d 55 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Cases**                                                                                             **Page**

<u>Macias v. Zenk</u>,
    2007 U.S. App. LEXIS 17795 (2d Cir. July 26, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Malsh v. Austin</u>,
    901 F. Supp. 757 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Mendez v. Artuz</u>,
    2002 U.S. Dist. LEXIS 3263 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Moncrieffe v. Witbeck</u>,
    2000 U.S. Dist. LEXIS 9425 (N.D.N.Y.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>O'Brien v. Nat'l Prop. Analysts Partners</u>,
    719 F. Supp. 222 (S.D.N.Y. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10,12,14

<u>Ormiston v. Nelson</u>,
    117 F.3d 69 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>Orta v. City of New York Department of Correction</u>,
    2003 U.S. Dist. LEXIS 2682 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Rizzo v. Goode</u>,
    423 U.S. 362, 370-71 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,12

<u>Salahuddin v. Unger</u>,
    2005 U.S. Dist. LEXIS 18865, *20 (E.D.N.Y.  2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Wilson v. Keane</u>,
    2003 U.S. Dist. LEXIS 16113 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Woodford v. Ngo</u>,
    126 S. Ct. 2378(2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Federal Statutes**

42 U.S.C § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
42 U.S.C. § 1997e(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Federal Rules of Civil Procedure**

    Rule 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,10

**New York State Statutes**

7 NYCRR §§701, <u>et</u>. <u>seq</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAURIE KELLOGG,

:          07 CV 2804 (BJ)

                          Plaintiff,

:

            - against -

:

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,                  :

                          Defendants.          :
------------------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE  COMPLAINT

### Preliminary Statement

Defendants, New York State Department of Correctional Services ("DOCS"), Commissioner Brian Fischer, Deputy Commissioner for Correctional Facilities Lucien Leclaire, Deputy Commissioner for Programs John Nuttal, Americans With Disabilities Act Coordinator Robert Raymond, Deputy Commissioner and Chief Medical Officer Lester Wright, former Superintendent Elaine Lord, Superintendent Ada Perez, former Deputy Superintendent of Security Terence McElroy, former Deputy Superintendent of Security Gwen Schneider, Medical Director Lori Goldstein, Lieutenant Robert Ball, former Lieutenant Brandon Smith (promoted to Captain and currently a Facility Operations Specialist for DOCS), Sergeant Mark Armstrong, Sergeant Gary Notaro, Correction Officer Michael Barclay, Correction Officer Barron Roger and Correction Officer Tracie Duncan, submit this reply memorandum of law in further support of their motion to dismiss the complaint, pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6).[1]

Plaintiff, Laurie Kellogg, an inmate in the custody of DOCS who is incarcerated at Bedford Hills Correctional Facility ("Bedford Hills"), brings this action pursuant to 42 U.S.C. § 1983, alleging violations of her rights under the First, Fifth, Eighth and Fourteenth Amendments,

---

[1]     Defendants Roslie Jackson, Christopher Murray, Allen Robinson and Binita Williams have not been served and have not requested representation pursuant to Public Officers Law Sec. 17.  Accordingly, this office does not represent these individuals.

stemming from the alleged retaliation by several defendants. Plaintiff also alleges claims of sexual abuse/harassment, due process, equal protection, conspiracy, deprivation of property, cruel and unusual punishment and deliberate indifference to her serious medical needs. In addition, plaintiff improperly raises New York State constitutional violations.

By Notice of Motion dated August 10, 2007, defendants moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for a dismissal of plaintiff's complaint on the grounds that (1) plaintiff's claims against DOCS and the individual supervisory defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution; (2) plaintiff cannot maintain pendent state law claims against the defendants; (3) plaintiff's claims prior to April 6, 2004 are barred by the Statute of Limitations; (4) claims alleging retaliation, deprivation of property, sexual abuse, sexual harassment, cruel and unusual punishment, due process, equal protection, conspiracy and deliberate indifference to serious medical needs must be dismissed for failure to exhaust administrative remedies; (5) plaintiff does not state a due process claim with respect to her claim of deprivation of property; (6) plaintiff does not state an Equal Protection claim; (7) plaintiff's former "Tracker" designation did not implicate a constitutional violation; (8) plaintiff has failed to state a claim for conspiracy; (9) plaintiff has failed to allege the personal involvement or state a claim against several defendants; (10) plaintiff fails to state a deliberate indifference to serious medical needs claim against defendant Goldstein.

In opposition, plaintiff merely makes conclusory, unsupported, meritless and irrelevant arguments. <u>See</u>, Plaintiff's Memorandum of Law in Opposition to the motion to Dismiss ("Plaintiff's Opp."). Accordingly, plaintiff's opposition is insufficient to defeat defendants' motion to dismiss the complaint.

## ARGUMENT

## POINT I

## PLAINTIFF CONCEDES THAT CERTAIN CLAIMS MUST BE DISMISSED

**A.    PLAINTIFF'S CLAIMS AGAINST THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES AND THE INDIVIDUAL SUPERVISORY DEFENDANTS IN THEIR OFFICIAL CAPACITY ARE BARRED BY THE <u>ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION</u>**

Plaintiff concedes that her claims against DOCS and supervisory defendants Fisher, Leclaire, Nuttal, Raymond and Wright are barred by the Eleventh Amendment to the United States Constitution and withdraws these claims (Claims 12-15). <u>See</u>, Plaintiff's Opp. p. 9.

**B.    PLAINTIFF CANNOT MAINTAIN PENDENT <u>STATE LAW CLAIMS AGAINST THE DEFENDANTS</u>**

Plaintiff concedes that she cannot maintain pendent state law claims against defendants and withdraws these claims (Fifth, Sixth, Seventh and Eighth Claims, Complaint ¶¶ 125-132). <u>Id</u>.

**C.    PLAINTIFF'S CLAIMS PRIOR TO APRIL 6, 2004 <u>         ARE BARRED BY THE STATUTE OF LIMITATIONS</u>**

Plaintiff concedes that several of the claims she has raised in this action are barred by the statute of limitations and "cannot serve as a basis for damages" since they allegedly took place between early 1993 and prior to April 2004.  <u>See</u>, Plaintiff's Opposition, p. 10.  This includes allegations against defendants DOCS, Lord, Goord, McElroy, Roger and Barclay for claims of retaliation (First & Third Claim), deprivation of property (Second Claim), sexual abuse/harassment (Third Claim), cruel and unusual punishment (Third Claim), due process (Fourth Claim), equal protection (Fourth Claim) and conspiracy (Ninth Claim). <u>See</u>, Complaint, ¶¶ 37-80.  Since the complaint in this case was not filed until April 6, 2007, any claims that accrued prior to April 2004 are clearly time barred. <u>See</u>, <u>Ormiston v. Nelson</u>, 117 F.3d 69, 71 (2d Cir. 1997)and <u>Barrett v. United States</u>, 689 F.2d 324, 333 (2d Cir. 1982).

Although plaintiff claims that there was a "continuing course of retaliatory conduct", it does not excuse her failure to commence an action against the remote claims which accrued prior

to April 2004. See, Plaintiff's Opp. p. 10.   Accordingly, plaintiff's time barred claims (First, Second, Third, Fourth and Ninth Claims) must be dismissed.

## POINT II

### CLAIMS ALLEGING RETALIATION, DEPRIVATION OF PROPERTY, SEXUAL ABUSE, SEXUAL HARASSMENT, CRUEL AND UNUSUAL PUNISHMENT, DUE PROCESS, EQUAL PROTECTION, CONSPIRACY AND DELIBERATE INDIFFERENCE MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Plaintiff's opposition does not allege any facts or  identify legal authority to support her contention that she exhausted her administrative remedies regarding her claims of retaliation, deprivation of property, sexual abuse, sexual harassment, cruel and unusual punishment, due process, equal protection, conspiracy and deliberate indifference, or that her failure to do so should be excused.  The facts plaintiff admits, together with the governing authority set forth in defendants' moving memorandum of law, leads to the inexorable conclusion that plaintiff failed to exhaust her administrative remedies as to all of the claims she has raised in this action (Claims 1-15). See, Defendants' Memorandum of Law in Support of their Motion to Dismiss the Complaint ("Defendants' Memorandum"), pp. 14-19.

It is well established that in order to satisfy the exhaustion requirement necessary prior to filing a § 1983 action, an inmate must file a grievance, in accordance with DOCS' procedure, and appeal that grievance through all three levels of the Inmate Grievance Program procedure. An inmate's claim is thus not exhausted until she appeals to and receives a final decision regarding her grievance from the DOCS Central Office Review Committee in Albany ("CORC"). See, Wilson v. Keane, 2003 U.S. Dist. LEXIS 16113 at **1-2 (S.D.N.Y. 2003); Orta v. City of New York Dep't of Correction, 2003 U.S. Dist. LEXIS 2682 at **5-6 (S.D.N.Y. 2003); Mendez v. Artuz, 2002 U.S. Dist. LEXIS 3263 at **4-5 (S.D.N.Y. 2002).  See generally, 7 NYCRR §§ 701, et. seq.;  Khalid v. Reda, 2003 U.S. Dist. LEXIS 39 *12 (S.D.N.Y. 2003)("An inmate has not

exhausted his administrative remedies until he goes through all three levels of the grievance procedure.").

Regardless of whether plaintiff filed any grievances in her years at Bedford Hills, as she alleges (See, Plaintiff's Opp. p. 11), the governmental **records maintained by DOCS establish that plaintiff never appealed any grievance to CORC regarding the facts that comprise any of the foregoing claims raised in her complaint** (emphasis added) before this action was commenced.  See, Complaint, ¶ 33; See also, Bellamy Decl., ¶¶ 3-4 and Exh. A thereto.  There is a clear difference between filing a grievance and then appealing it to CORC in order to exhaust administrative remedies.

Plaintiff's claim that the "grievance procedures available at BHCF are very limited and corrupted" and "designed to minimize, if not outright frustrate, the number and type of inmate grievances" is completely unsubstantiated and disingenuous and thus must be disregarded by the Court.  See, Plaintiff's Opp. p. 11. Significantly, at no time has plaintiff alleged these facts in her complaint.  Since she is raising them for the first time in opposition, they must be ignored. See, O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989); Islam v. Goord, 2006 U.S. Dist. LEXIS 71853 (SDNY 2006).  Similarly, plaintiff's unsigned affidavit in opposition to defendants' motion must also be disregarded by the Court, in its entirety, since its contents were not included in the complaint. Id.  Plaintiff clearly utilized the grievance program at Bedford Hills.  The facility's grievance records show that between December 2004 and July 2005, plaintiff filed 3 grievances, one of which was appealed all the way to CORC.  See, Declaration of Janaire Malloy in Support of Defendants' Motion to Dismiss the Complaint ("Malloy Decl.").

Contrary to plaintiff's allegations, all of the claims raised in this action could be grieved pursuant to DOCS' regulations through the highest level of review. See, Declarations of Kim Watson and Janaire Malloy, annexed hereto; See also, Declaration of Karen Bellamy ("Bellamy Decl.") in support of defendants' motion to dismiss the complaint.  The underlying facts that

comprise the claims plaintiff has raised in this lawsuit, i.e. retaliation, deprivation of property, sexual abuse, sexual harassment, cruel and unusual punishment, due process, equal protection, conspiracy and deliberate indifference to plaintiff's serious medical needs can be grieved through the inmate grievance program since these alleged acts clearly involve DOCS' and Bedford Hills' "policy, regulation, procedure or rule" as set forth in DOCS' directive and the facility's inmate orientation manual. See, Watson Decl. Although the facility's inmate orientation manual does not specifically spell out the specific areas in which a grievance can be filed, it is a clear violation of DOCS' and Bedford Hills' "policies, regulations, procedures and rules" to commit any of the foregoing alleged actions against an inmate. Id. at ¶ 9. In fact, Ms. Malloy, the Inmate Grievance Program Supervisor at Bedford Hills when some of the claims in this case allegedly occurred, has received and accepted grievances from inmates involving all of the claims alleged in this action. See, Malloy Decl at ¶ 4. In addition, although an inmate cannot grieve a "decision or disposition" resulting from an inmate property claim made by an inmate at the facility, contrary to plaintiff, the basis of a claim regarding the deprivation of property can be grieved by inmates. See, Watson Decl at ¶ 10; See also, Plaintiff's Opp. at ¶ 15.

With respect to plaintiff's claim that she could not grieve her Tracker status because it was not a proper subject of a grievance (See, Plaintiff's Opp. pp. 12-13), as defendants set forth in their moving papers, this excuse does not constitute justification for failing to grieve and exhaust the claims arising from this designation. See, Defendants' Memo. pp. 18-19. Plaintiff alleges that she was designated a Tracker in retaliation for refusing to consent to a lesbian relationship. See, Complaint at ¶¶ 37-39. Plaintiff also alleges that she was retaliated against for her efforts to shed the Tracker designation (Id. at ¶¶ 52-53), and that her Tracker designation deprived of rights afforded other inmates without due process (Id. at ¶ 43) as well as placed her at greater risk to sexual abuse, harassment and misconduct (Id. at ¶ 61). Thus, even if we were to credit plaintiff's claim that she could not contest her Tracker designation in a grievance, plaintiff's

allegations surrounding her Tracker status are incorporated in the claims she raises in her complaint, including, but not limited to her claims of retaliation, equal protection, due process, sexual abuse, sexual harassment and cruel and unusual punishment, all of which could be grieved. See, Bellamy Decl. ¶¶ 3-4; See also, Watson Decl. ¶ 9. Therefore, plaintiff failed to exhaust her administrative remedies with respect to the claims premised on her "Tracker" designation.

To the extent that plaintiff claims that her "complaints of official misconduct through official channels available" and through "other means" excused her failure to grieve and exhaust the underlying facts of the claims raised in this action, that argument has been expressly rejected by the Second Circuit. See, Plaintiff's Opp. pp. 14-15. Plaintiff's alleged verbal complaints during her disciplinary hearings, her alleged verbal complaints to facility personnel and her alleged letters to the superintendent, do not constitute proper exhaustion. Id. In Macias v. Zenk, 2007 U.S. App. LEXIS 17795 *17-18 (2d Cir. July 26, 2007), the Court held that "informal steps" do not put prison official on notice of their concerns because "notice alone is insufficient." The Court further held that alerting prison officials to the nature of the wrong "does not constitute *'proper exhaustion.'"* Id. at * 10, 18, citing, Woodford v. Ngo, 126 S. Ct. 2378 (2006) (The Court held that "proper exhaustion" means that a prisoner must comply with the system's critical procedural rules). The court also held that a prisoner must exhaust his claims both procedurally and substantively. Id. at *14-15. Since plaintiff never grieved and appealed to CORC the claims she has raised in this action, she has clearly failed to procedurally exhaust her administrative remedies, thus failing to satisfy the PLRA's exhaustion requirement. Id. at *15-16.

Furthermore, although Bedford Hills' grievance procedure provides that inmates can report sexual misconduct to any member of the facility's Executive Team or to Inmate Grievance (See, Plaintiff's Opp, Exh. C at p. 4.), the mere reporting of the sexual misconduct does not satisfy the exhaustion requirement. As the Second Circuit has held, "notice alone is insufficient" and "does not constitute 'proper exhaustion.'" See, Macias, 2007 U.S. App. LEXIS 17795 at *10, 18

7

(citations omitted). Even if we credit plaintiff's claim that she complained about the alleged sexual harassment by defendant Duncan to defendant Superintendent Perez (See, Plaintiff's Opp. p. 14) or of the alleged retaliation by defendant McElroy for refusing his sexual advances (Id. at p. 15), it does not excuse her failure to exhaust because regardless of whether she "put the prison officials on notice of [her] grievance 'in a substantive sense'.... to satisfy the PLRA a prisoner must also procedurally exhaust [her] available administrative remedies", which plaintiff admittedly failed to do.  Id. at *15.

In the recent case of Amador v. Superintendents of the Department of Correctional Services (DOCS) Andrews, 2007 U.S. Dist. LEXIS 89648 (S.D.N.Y. December 3, 2007), the Court decided the very same exhaustion issue involved here, in a case in which female inmates, some of which were incarcerated at Bedford Hills, alleged sexual misconduct.  The Court rejected plaintiffs' argument "that they exhausted their administrative remedies by complying with one or more of the 'alternative avenues' for grieving described in the prison orientation documents, thereby providing sufficient notice of their claims." Id. at *25.  Plaintiffs claimed that they complained either to the Inspector General, an immediate supervisor of the alleged abuser or a DOCS official. Id.  The Court held that the evidence in the case showed that the plaintiffs "merely selected to pursue informal avenues instead of the formal grievance procedure." Id. at *29.  The Court also held that "even if Plaintiffs misconstrued the grievance instructions, it would have been unreasonable to conclude that the three-step grievance procedure was foreclosed to them." Id. at *28.  In granting defendants summary judgment on exhaustion grounds, the Court held that "[o]ne cannot exhaust all administrative remedies by merely pursuing an informal avenue over the formal grievance procedure." Id.

In this case, by her own admissions, plaintiff clearly selected to pursue informal avenues instead of the formal grievance procedure which was available to her at Bedford Hills.

Accordingly, for the reasons set forth above and in defendants' moving papers, plaintiff's entire action must be dismissed, pursuant to 42 U.S.C. § 1997e(a).

**POINT III**

**PLAINTIFF DOES NOT STATE A DUE PROCESS CLAIM
WITH RESPECT TO HER CLAIM OF DEPRIVATION OF PROPERTY**

Plaintiff has not addressed defendants' argument on this issue. As set forth in defendants' moving papers, although plaintiff alleges that she was deprived of property without due process of law by defendants Lord, Perez, McElroy, Schneider, Goldstein, Ball, Smith, Murray, Armstrong, Notaro, Barclay, Roger, Duncan, Williams, Robinson and Jackson (Second Claim), the Supreme Court has specifically held that plaintiff has no claim of denial of due process with respect to her alleged deprivation of property since New York State provides an adequate post-deprivation remedy. See, Hudson v. Palmer, 468 U.S. 517, 526, 104 S. Ct. 3194 (1984) (Court held that intentional deprivation of property by the state could not violate due process if the state provides an adequate post-deprivation remedy). Accordingly, plaintiff's deprivation of property claim (Second Claim) must be dismissed.

**POINT IV**

**PLAINTIFF DOES NOT STATE AN EQUAL PROTECTION CLAIM**

Once again, plaintiff has not addressed the arguments raised in defendants' moving papers. Since "[p]risoners are not a suspect class" under the Equal Protection Clause" it follows that a prisoner who is designated as a "Tracker" for security reasons is not a suspect or protected class. Salahuddin v. Unger, 2005 U.S. Dist. LEXIS 18865, *20 (E.D.N.Y. 2005)(citing, Lee v. Governor of State of New York, 87 F.3d 55, 60 (2d Cir. 1996)). In addition, plaintiff does not allege in her complaint how she was discriminated against based on her race. Other than stating that she is a "white" female, plaintiff has not alleged any facts which would support an inference that racial consideration played a part in the alleged acts of defendants. See, Complaint, ¶ 35.

9

Plaintiff is not permitted to raise a new allegations in her opposition to defendants' motion to dismiss the amended complaint. <u>See</u>, Plaintiff's Opp. p. 17. For the first time in opposition, plaintiff is attempting to allege that she was "targeted and subjected to disparate treatment by black officials due to her color and/or her religion and/or her refusal to engage in sexual activities." <u>Id</u>. It is well settled that since it "is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss," <u>O'Brien v. Nat'l Prop. Analysts Partners</u>, 719 F. Supp. 222, 229 (S.D.N.Y. 1989), the Court will not consider allegations not made in the complaint. <u>See</u>, <u>Islam v. Goord</u>, 2006 U.S. Dist. LEXIS 71853 (SDNY 2006); <u>citing</u>, <u>Brown v. Wright</u>, 2005 U.S. Dist. LEXIS 31239, 2005 WL 3305015, at *7 (S.D.N.Y. 2005) ("To the extent that [prisoner-plaintiff s] opposition seeks to amend the complaint by adding new and mostly unexhausted categories of claims, it is inappropriate."); <u>Connolly v. Havens</u>, 763 F. Supp. 6, 8 n.2 (S.D.N.Y. 1991) ("The Court will not consider the numerous factual allegations set forth for the first time in plaintiff's memorandum opposing the instant motions. It is a basic principle that a complaint may not be amended by the plaintiff's brief filed in opposition to a motion to dismiss."); <u>Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc.</u>, 723 F. Supp. 976, 987 (S.D.N.Y. 1989) ("A claim for relief may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

Therefore, for the reasons set forth herein and in defendants' memorandum of law in support of their motion to dismiss the complaint, plaintiff's Equal Protection claim (Fourth and Eleventh Claim) should be dismissed.

**POINT V**

**PLAINTIFF'S FORMER "TRACKER" DESIGNATION**
**<u>DID NOT IMPLICATE A CONSTITUTIONAL VIOLATION</u>**

Contrary to plaintiff's argument, defendants have not confused the standard of review for a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure with that for

summary judgment.  Also contrary to plaintiff, there is no "disclosure" necessary on this issue. See, Plaintiff's Opp. p.18.   Rather, plaintiff fails to address the legal arguments raised by defendants in their memorandum of law in support of their motion to dismiss the complaint.

As set forth in defendants' moving papers, as a security designation that existed at Bedford Hills until it was abolished on March 5, 2007, the "Tracker" designation did not implicate a liberty interest or a constitutional right. See, Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Since plaintiff clearly did not have a protected liberty interest or constitutional right not to be designated a "Tracker" plaintiff's claims arising from her Tracker designation do not rise to the level of a constitutional violation.  Accordingly, these claims  must be dismissed

### POINT VI

### PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CONSPIRACY

Although plaintiff has alleged a conspiracy by 22 of the named defendants, she has failed to specifically name any defendants, in the body of her complaint, who were involved in the alleged conspiracy or to allege any other details of time and place and the alleged effect of the conspiracy. (Ninth Claim, Complaint ¶¶133-135 ).   The allegation that defendant McElroy needed the "complicity of ..... defendant Goldstein" to "ensure plaintiff would suffer deliberate medical neglect" does not satisfy the pleading requirement for a conspiracy claim and is insufficient to state a claim. See, Complaint ¶ 85; See also, Plaintiff's Opp. p. 19.  In addition, since plaintiff failed to state a deliberate indifference claim, she cannot maintain a claim for a conspiracy by defendant McElroy and Goldstein to violate a constitutionally protected right.  See, Defendants' Memo, POINT X, pp. 29-32.   Accordingly, plaintiff's claim of a conspiracy (Ninth Claim) must be dismissed as a matter of law.

### POINT VII

### PLAINTIFF HAS FAILED TO ALLEGE THE PERSONAL INVOLVEMENT OR STATE A CLAIM AGAINST SEVERAL DEFENDANTS

A.     **Defendants Ball and Armstrong**

As set forth in defendants' moving papers, plaintiff's only allegation with respect to defendant Ball and defendant Armstrong is that they took photographs of plaintiff's injuries over her objections. <u>See</u>, Complaint ¶ 102. Plaintiff's complaint did not contain the allegations raised for the first time in opposition, that these photos were taken as a way to sexually harass plaintiff. <u>See</u>, Plaintiff's Opp. p. 19. Since plaintiff is not permitted to raise new allegations in her opposition to defendants' motion to dismiss the amended complaint, the Court should disregard these new allegations. <u>See</u>, <u>O'Brien v. Nat'l Prop. Analysts Partners</u>, 719 F. Supp. 222, 229 (S.D.N.Y. 1989); <u>See</u>, <u>Islam v. Goord</u>, 2006 U.S. Dist. LEXIS 71853 (SDNY 2006).

In addition, since plaintiff cannot maintain a constitutional claim for the mere taking of pictures of an injury, plaintiff has clearly failed to state a claim against defendants Ball and Armstrong. <u>See</u> <u>e.g.</u>, <u>Acre v. Miles</u>, 1991 U.S. Dist. LEXIS 8763, *15 (S.D.N.Y. 1999) (Court noted that the Second Circuit has held that "liability can only be imposed for 'conduct which subjects or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution.'" ) (<u>quoting</u>, <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976)).

## B.    Defendant Perez

Although plaintiff has named defendant Perez in most of the claims raised in this action (Claims 1-11; <u>See</u>, Complaint, ¶¶ 118-139) plaintiff now claims that the only complaint against defendant Perez is that she "knew Duncan was a lesbian, knew she had a sexual preference for young, white inmates but, despite this knowledge, allowed Duncan to unilaterally decide who to strip search." <u>See</u>, Plaintiff's Opp. p. 20. Therefore, based on plaintiff's concession, all other claims against defendant Perez should be dismissed.

With respect to the allegations involving defendant Duncan, since these allegations were not included in the complaint, they cannot be considered by the Court. <u>See</u>, <u>O'Brien</u> and <u>Islam</u>, <u>supra</u>. The only allegations contained in the complaint against defendant Perez, related to defendant Duncan, are that plaintiff complained to defendant Perez and that defendant Perez promised

plaintiff that Duncan's searches would stop. <u>See</u>, Complaint ¶ 105. There were no allegations in the complaint that defendant "Perez deliberately informed Duncan of plaintiff's complaint." <u>See</u>, Plaintiff's Opp. p. 20. The complaint does not allege who told Duncan about plaintiff's complaint.

However, even if the Court were to credit plaintiff's claim that defendant Perez told Duncan about plaintiff's complaint, then by her own admission, defendant Perez satisfied her obligation and promise to plaintiff to remedy the situation and stop the alleged sexual harassment by defendant Duncan. Therefore, since plaintiff has failed to establish the personal involvement of defendant Perez in any claims (Claims 1-11) and any constitutional violation, her claims must be dismissed.

## C.    Defendant Schneider

As set forth in defendant's motion, plaintiff's only allegation against defendant Schneider is that she sent plaintiff a letter "threatening to have plaintiff placed in SHU should she ever write Perez again." <u>See</u>, Complaint, ¶ 111. However, "threats do not amount to violations of constitutional rights." <u>Moncrieffe v. Witbeck</u>, 2000 U.S. Dist. LEXIS 9425 *9 (N.D.N.Y.2000)(<u>quoting</u>, <u>Malsh v. Austin</u>, 901 F. Supp. 757, 763 (S.D.N.Y. 1995). Therefore, since plaintiff has failed to allege defendant Schneider's personal involvement in any constitutional violation, the complaint should be dismissed against her in its entirety.

## D.    Defendants Smith and Notaro

Plaintiff does not address the fact that she has failed to allege the personal involvement of defendants Smith and Notaro in her claims of retaliation, deprivation of property, sexual abuse, sexual harassment, cruel and unusual punishment, equal protection, conspiracy and deliberate indifference to her serious medical needs. <u>See</u>, Defendants' Memo pp. 29-30. Accordingly, these claims must all be dismissed as to defendants Smith and Notaro.

With respect to plaintiff's allegations that defendant Smith issued a false misbehavior report, plaintiff concedes that a the filing of a report, even if based on unfounded charges, does not give rise to a § 1983 action. <u>See</u>, Plaintiff's Opp. p. 21; <u>See also</u>, <u>Freeman v. Rideout</u>, 808 F.2d 949, 953 (2d Cir. 1986)(<u>cert</u> <u>denied</u>, 485 U.S. 982 (1988)). Thus, it follows that if the testimony of

13

defendant Smith at the disciplinary hearing was based on the alleged false misbehavior report, plaintiff cannot maintain a § 1983 action on those allegations either. The allegations of false testimony by defendant Notaro must be dismissed as there are conclusory and unsubstatiated. Plaintiff's allegation of a "secret tape" being presented at her disciplinary hearing has no bearing on her claim against defendants Smith and Notaro since she did not raise that claim in her complaint. See, O'Brien and Islam, supra.

## POINT VIII

### PLAINTIFF FAILS TO STATE A DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS CLAIM AGAINST DEFENDANT GOLDSTEIN

Plaintiff has failed to plead any facts that could establish deliberate indifference by Dr. Goldstein.  Contrary to plaintiff assertion, her complaint does not set forth any allegations that Dr. Goldstein knowingly and intentionally rendered improper treatment or that she knew of and disregarded a substantial risk of serious harm to plaintiff.  See, Plaintiff's Opp. pp 23-24. Plaintiff has not set forth allegations that Dr.  Goldstein intentionally denied her needed medical care over a period of time or completely withheld medical care in order to make out a constitutional violation which can support a 1983 claim. See, Joyner v. Greiner,  195 F.Supp.2d 500, 504, 2002 U.S.Dist. LEXIS 6994, *8 (S.D.N.Y. April 19, 2002)(complaint dismissed against defendant doctor where plaintiff did not sufficiently plead  facts against him satisfying subjective component in order to make out claim for deliberate indifference to serious medical needs). Plaintiff's conclusory allegations that the alleged actions of defendant McElroy "required knowledge and consent of defendant Goldstein" and that to "ensure that plaintiff would suffer deliberate medical neglect....he needed the complicity of the medical department and defendant Goldstein" are insufficient to state a deliberate indifference claim. See, Complaint ¶¶ 85-86.

In addition, with respect to plaintiff's allegations that Dr. Goldstein ignored recommendations for plaintiff to be seen by a plastic surgeon and a neurologist as well as to have a ct scan and/or MRI, these allegations do not constitute deliberate indifference on the part of Dr.

14

Goldstein.  It is well established that "mere disagreement over the proper treatment does not create a constitutional claim. See, Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); See also, Fleming v. Velardi, 2003 U.S. Dist. LEXIS 13078, *9-10 (S.D.N.Y.  2003)("The question whether an x-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.")(quoting Estelle v. Ganmble, 429 U.S. 97, 97 S.Ct. 285(1976)).

Therefore, for the reasons set forth herein and in defendants' moving papers, plaintiff's deliberate indifference claim against Dr. Goldstein should be dismissed.

## CONCLUSION

For the reasons set forth herein and in defendants memorandum of law in support of their motion to dismiss the complaint, defendants respectfully request that this Court grant defendants' motion to dismiss the complaint, pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6), in its entirety.

Dated:  New York, New York
     February 8, 2008

                               Respectfully submitted,

                               ANDREW M. CUOMO
                               Attorney General of the
                               State of New York
                               Attorney for Defendants
                    By:
                               s/ Maria Barous Hartofilis
                               MARIA  BAROUS HARTOFILIS
                               Assistant Attorney General
                               120 Broadway
                               New York, New York  10271
                               (212) 416-6295

MARIA BAROUS HARTOFILIS
Assistant Attorney General
  **of Counsel**